UNITED SKILLED MAINTENANCE TRADES EMPLOYEES OF THE BOARD OF EDUCATION OF PONTIAC *v.* PONTIAC BOARD OF EDUCATION.

DISSENTING OPINION.

BLACK, SOURIS, and SMITH, JJ.

1. LABOR RELATIONS—PLEADING—REFUSAL TO BARGAIN COLLECTIVELY.
*Allegation of bargaining agent in its complaint against public employer that a labor dispute existed between the parties' and that defendant had refused to bargain collectively would, if proved, entitle plaintiff to equitable relief.*

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur, Labor § 133.
   Specific performance or injunction as proper remedy for breach of collective bargaining agreement. 156 ALR 652.
[2, 3] 5 Am Jur 2d, Appeal and Error § 962.
[4] 31 Am Jur, Labor §§ 327, 329.
[5] 14 Am Jur, Costs § 91.

2. Appeal and Error—Remand—Labor Dispute—Evidence.

  *Case is reversed and remanded for further proceedings on complaint alleging existence of a labor dispute between plaintiff, as bargaining agent, and defendant employer that was dismissed for lack of jurisdiction by trial court, where pleading includes defendant's allegation that labor mediation board was regularly processing the dispute, but record is barren of evidence for making determination of issues.*

3. Same—Chancery Cases.

  *Chancery cases should be so tried by a trial court that issues raised may be finally decided upon appeal.*

Opinion of the Court.

4. Labor Relations—Public School Employees—Bad Faith— Labor Mediation Board—Jurisdiction of Court.

  Trial court's denial of jurisdiction in labor dispute between plaintiff association and defendant city board of education because of exclusive jurisdiction of such controversies in State labor mediation board and plaintiff's failure to make any claim of bad faith on the part of defendant although afforded ample opportunity so to do by the labor mediation board is affirmed, the trial court being without power to assume jurisdiction to determine issue of bad faith which had not been presented to or decided by the labor mediation board (CL 1948, § 423.201 *et seq.*).

5. Costs—Public Question—Jurisdiction of State Labor Mediation Board.

  No costs are allowed on appeal in case involving labor dispute between association of public school employees and city board of education, respecting jurisdiction of State labor mediation board, a public question being involved (CL 1948, § 423.201 *et seq.*).

Appeal from Oakland; Adams (Clark J.), J. Submitted January 7, 1965. (Calendar No. 23, Docket No. 50,563.) Decided May 11, 1965.

Complaint by the United Skilled Maintenance Trades Employees of the Board of Education of Pontiac, a voluntary unincorporated association, against the Board of Education of the City of

Pontiac, a municipal corporation, for a declaration of rights as to defendant Board's refusal to bargain collectively. Dismissed for lack of jurisdiction. Affirmed.

*Dee Edwards,* for plaintiff.

*Charles J. Long* and *Dudley & Patterson,* for defendant.

SOURIS, J. (*dissenting*). Plaintiff's complaint alleges the existence of a labor dispute between it, the collective bargaining agent of the skilled trades employees of the defendant board of education, and defendant; its attempts to settle the dispute, including invocation of the assistance of the State labor mediation board culminating in that board's issuance of a public report of findings; and, throughout and following the mediation board's proceedings, defendant's refusal to bargain collectively regarding the labor dispute. Plaintiff sought a judgment declaratory of defendant's duty to bargain collectively and to take cognizance of the mediation board's report and the issuance of an order that defendant meet with plaintiff to bargain collectively.

Defendant countered, without filing any answer to plaintiff's complaint, with a motion to dismiss, alleging that the labor dispute was being processed by the State labor mediation board and that, therefore, the chancellor lacked jurisdiction to hear plaintiff's complaint. By answer to defendant's motion, plaintiff denied these allegations. This procedural posture of the parties remained essentially unaltered throughout subsequent procedural maneuverings, which culminated, after oral arguments, in the chancellor's order dismissing the complaint for lack of jurisdiction.

Plaintiff's allegation that defendant refused to bargain collectively stands unchallenged, and since such an allegation, if proved, would entitle plaintiff to equitable relief (*General Teamsters Union, Local No. 406,* v. *Uptown Cleaners & Hatters, Inc.* [1959], 356 Mich 204, 223, 224; *Local No. 1644, AFSC&ME, AFL-CIO,* v. *Oakwood Hospital Corporation* [1962], 367 Mich 79, 87), plaintiff's complaint certainly states a cause of action. It may be that upon evidentiary hearings plaintiff's allegations might be disproved or defendant's allegation that the labor dispute is being regularly processed by the mediation board might be proved, in either of which events equitable relief appropriately might be refused. However, the meager certified record before us is barren of any evidence upon the basis of which such issues properly can be resolved.

See our recent decision in *River Rouge Improvement Association* v. *Thomas* (1965), 374 Mich 175, wherein we reiterated our frequently expressed admonition against disposing of chancery actions in such summary fashion that issues raised cannot finally be decided upon appeal.

Reversed and remanded for further proceedings. Costs to plaintiff.

BLACK and SMITH, JJ., concurred with SOURIS, J.

KELLY, J. The record before the trial judge disclosed that after conference between plaintiff and defendant in regard to wages and working conditions preceding the adoption of the school budget for the year 1962–1963, plaintiff sought the aid and assistance of the State labor mediation board and filed its petition on June 7, 1962.

Between this date of filing and the following May 1, 1963, many sessions were held with the labor me-

diation board, as well as a hearing before the board's fact finding officer, whose findings were approved by the board.

May 1, 1963, the labor mediation board sent a letter to Mr. Long, as attorney for defendant, and to Miss Edwards, as attorney for plaintiff,[1] notifying them that the case would be closed unless either party desired a further hearing for the purpose of establishing whether "the parties have mediated in good faith." Plaintiff made no request for such a hearing, made no claim before the board of bad faith, and, pursuant to such failure to make known a desire for such hearing, the labor mediation board closed its file.

Hon. Clark J. Adams, Circuit Judge, in his July 23, 1963, written opinion called attention that this Court[2] had held that " 'the labor mediation board has exclusive jurisdiction to function in the matter of grievances of public employees' " and that this remedy provided for by statute[3] is exclusive in the absence of " 'arbitrary or capricious action' " by defendant; that while plaintiff now complains to the

---

[1] *"Dear Mr. Long and Miss Edwards:*

"According to our records, the above case has been opened and unresolved since June 2, 1962. During that time there have been many mediation sessions as well as a hearing before our fact finding officer with the subsequent issuance with the fact finding officer's findings and recommendations.

"Since that time there has been a subsequent mediation session at which time the fact finding officer's report was discussed between the parties. It appears to the board that further mediation in this case would be to no avail and the board is consequently closing the case. If we do not hear from either party within 10 days the case will be officially closed. If either party feels the case should not be closed out, a hearing will be held before the board or its agent to determine if the parties have mediated in good faith.

"Sincerely yours,
"(s) ALLAN D. CHISHOLM
"For the Board Allan D. Chisholm, Chairman"

[2] *Gaidamavice* v. *Newaygo Board of County Road Commissioners,* 341 Mich 280.

[3] See CL 1948, § 423.201 *et seq.* (Stat Ann 1960 Rev § 17.455[1] *et seq.*).—REPORTER.

court that the board did not and will not mediate in good faith, no such complaint was made to the labor mediation board, and, therefore, because plaintiff did not exhaust its administrative rights the "circuit court has no jurisdiction of the subject matter."

In denying plaintiff's motion for rehearing, Judge Adams, from the bench, stated:

"Plaintiffs here take the position and seek the help of the court because they say that the school district has refused to mediate in good faith, and having said that, they then admit that they have not, by application at least, they admit they did nothing last May when the board said that they would close the file in this matter, that is, the labor mediation board said they would close the file unless one of the other parties would complain that the opposite party had not mediated in good faith.

"Now, the language of the statute is clear. The language of the interpreting cases is clear that the labor mediation board does have the exclusive jurisdiction to function in this area of labor problems, and if the plaintiffs in this cause do not want to follow that rule, then I am afraid they can't come into this court and ask for another interpretation of the law. That is to say, they had an opportunity in May of 1963 to state to the board that the school district had not mediated in good faith. They didn't do that. Now they have come into this court and asked it to take over the functions of the board that has already been told they are exclusive in this area in their authority. Of course if the board is wrong, then their decision should be reviewed in the Supreme Court as required by the statute and not in this court. All in all, the court can see no reason for changing the position that it took in its first and only written opinion and the motion of the plaintiff to set aside the judgment will be denied."

The record discloses that during the 1962–1963 budget year, on February 13, 1963, the superintend-

ent of defendant board notified the labor mediation
board that defendant had sent to Miss Edwards the
following communication:

"The board of education has studied and reviewed
the fact finding report prepared by the hearings
officer of the State labor mediation board.  It is the
conclusion of board members that negotiations
should not be *reopened* for the current year, but that
consideration should be given the content of this
report in the negotiations for 1963–1964."

The record further discloses that appellee in its
reply in opposition to the motion for rehearing (not
challenged or refuted by appellant) advised the trial
court as follows:

"In conclusion, although not a phase of jurisdic-
tion as has been decided by this court, it should
be pointed out that the plaintiff, in its complaint
filed in this action, requested the court to declare
that defendant must bargain with plaintiff.  The
suit is, therefore, predicated upon nonexistent cir-
cumstances, for, on August 22, 1963, after bargain-
ing on certain economic demands made by plaintiff
and certain concessions being made by defendant,
the parties completed their bargaining by ending
with a two-year agreement to expire in the summer
of 1965."

Plaintiff does not conclude its brief with a prayer
for relief or a request that we remand this case to
the trial court, but, after stating that the labor me-
diation board must maintain a neutral position and
that, "we do not believe the labor mediation board
has the authority to compel good faith negotiation by
a public employer," concludes its brief with the fol-
lowing paragraph:

"If it is true that public employees are deprived of
the right to strike and have no recourse to even a
good-faith discussion of grievances with their em-

ployer, then we ask the court to say so in plain and unmistakable language so that the legislature may be advised and take appropriate action unless it really intended this result. By the same token, let both present and future public employees know where they stand so they may elect whether to enter or continue in such employment."

Answering plaintiff, we refer to *Gaidamavice* v. *Newaygo Board of County Road Commissioners*, 341 Mich 280, and agree with the trial court that when plaintiff failed and refused to make any claim of bad faith before the labor mediation board, plaintiff was foreclosed from asking the trial court to assume jurisdiction.

Affirmed. No costs, a public question involved.

T. M. KAVANAGH, C. J., and DETHMERS, O'HARA, and ADAMS, JJ., concurred with KELLY, J.