ST. PAUL FIRE & MARINE INSURANCE COMPANY v LITTKY

1. JUDGMENT—ACCELERATED JUDGMENT—MOTIONS—SUMMARY JUDG-
   MENT—JURISDICTION.

   A motion for accelerated judgment is the proper motion to bring
   to the attention of a court that it lacks jurisdiction of the
   subject matter at issue.

2. ADMINISTRATIVE LAW—WORKMEN'S COMPENSATION—WORKMEN'S
   COMPENSATION BUREAU—JURISDICTION—JUDGMENT—DECLARA-
   TORY JUDGMENT—EXCLUSIVENESS OF REMEDY—CONDITIONS OF
   LIABILITY.

   An action for a declaratory judgment cannot be maintained to
   resolve disputes which are within the exclusive jurisdiction of
   an administrative agency; therefore, jurisdiction for the deter-
   mination of the issues of exclusiveness and conditions of liabil-
   ity under a workmen's compensation claim initially lie with the
   Workmen's Compensation Bureau which is vested with exclu-
   sive jurisdiction to resolve disputes relating to workmen's com-
   pensation claims.

3. JUDGMENTS—DECLARATORY JUDGMENTS—WORKMEN'S COMPENSA-
   TION—WORKMEN'S COMPENSATION BUREAU—JURISDICTION—EX-
   CLUSIVE JURISDICTION—WORKMEN'S COMPENSATION APPEAL
   BOARD.

   Courts have equity jurisdiction to grant declaratory judgments
   but should not grant such relief where to do so would invade
   the exclusive statutory jurisdiction of the Workmen's Compen-
   sation Bureau.

Appeal from Wayne, James N. Canham, J. Sub-
mitted Division 1 March 13, 1975, at Detroit.
(Docket No. 20958.) Decided April 9, 1975.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment § 12 *et seq.*
   Propriety of entering summary judgment for plaintiff before defend-
      ant files or serves answer to complaint or petition, 85 ALR2d 825.
[2, 3] 22 Am Jur 2d, Declaratory Judgments § 73.

Complaint by St. Paul Fire & Marine Insurance Company against Marvin S. Littky and Jeffrey M. Mallon, Littky & Mallon, P. C., and Louis E. Williams, jointly and severally, seeking a declaratory judgment with respect to its liability under a policy of workmen's compensation insurance. Judgment for defendants. Plaintiff appeals. Affirmed.

*Manuel Zechman,* for plaintiff.

*Mallon & Best,* for defendants.

Before: R. B. BURNS, P. J., and T. M. BURNS and R. M. MAHER, JJ.

PER CURIAM. Plaintiff insurance company filed a complaint in Wayne County Circuit Court seeking a declaratory judgment with respect to its liability under an insurance policy issued to Littky & Mallon, P. C., a law firm, insuring that firm for any liability it might incur under the workmen's compensation law of this State. Louis E. Williams, an employee of the firm, was also named a defendant, as were the individual partners of the firm.

The complaint alleges that defendant Williams has filed a petition with the Workmen's Compensation Bureau seeking compensation for injuries received while in the course of his employment with Littky & Mallon, P. C. The complaint further alleges that at the time of the injury Williams was engaged in the practice of law although he has never been licensed to practice law in this state. Plaintiff claims, therefore, that under a clause in the policy which states that the insurer shall not be liable for compensation for any employee employed in violation of law, it is not liable to defendants.

An order to show cause was issued as well as a temporary restraining order enjoining all of the defendants and the Workmen's Compensation Bureau from proceeding on the workmen's compensation petition. Defendants then filed motions for summary judgment pursuant to GCR 1963, 117.2(1) claiming that "as a matter of law plaintiff's only forum for a determination of its rights, etc. under the terms of its policy is the Workmen's Compensation Department". After a hearing on the motions was held, the circuit court, on May 15, 1974, issued an opinion in which it concluded that the "Workmen's Compensation Department" is the proper forum to determine the rights and liabilities of the parties. An order in accordance with this opinion was entered on June 25, 1974, from which plaintiff appeals as of right.

We note at the outset that to the extent that the trial court's opinion and order state that the circuit court is without jurisdiction to consider the dispute, the proper motion to be brought and granted was one for accelerated judgment pursuant to GCR 1963, 116.1(2), which states that "the court lacks jurisdiction of the subject matter". We shall treat the motion granted as one for accelerated judgment pursuant to the aforementioned court rule.[1]

Plaintiff claims that the Workmen's Compensation Bureau is without jurisdiction in this matter and that the proper forum for consideration of its complaint is the circuit court. We disagree. MCLA 418.841; MSA 17.237(841) provides that:

"*Any controversy concerning compensation* shall be submitted to the bureau and *all questions arising* under

[1] *See Schimmer v Wolverine Insurance Co,* 54 Mich App 291, 297–298; 220 NW2d 772 (1974).

this act shall be determined by the bureau." (Emphasis added.)

We read this language to mean that the resolution of all disputes relating to workmen's compensation is vested exclusively in the Workmen's Compensation Bureau. We hold that the language emphasized above is broad enough to cover the present case, notwithstanding plaintiff's assertion that this is not a workmen's compensation case. As this Court stated in *Herman v Theis,* 10 Mich App 684, 690; 160 NW2d 365 (1968), *lv den,* 381 Mich 772 (1968):

"Jurisdiction for the determination of those issues concerning exclusiveness and conditions of liability initially must lie with the compensation department."

Since we have concluded that the Workmen's Compensation Bureau is the proper forum to consider this suit, the trial court's dismissal of plaintiff's suit was proper. A declaratory judgment action cannot be maintained to resolve disputes which are within the exclusive jurisdiction of an administrative agency. *United Skilled Maintenance Trades Employees of the Board of Education of Pontiac v Pontiac Board of Education,* 375 Mich 573; 134 NW2d 736 (1965).

Finally, plaintiff's contention that this controversy is beyond the jurisdiction of the Workmen's Compensation Bureau is without merit. While it is true that a declaratory judgment action is equitable in nature and that an administrative agency like the bureau lacks equity jurisdiction, see *Woody v American Tank Co,* 49 Mich App 217, 227; 211 NW2d 666 (1973), this Court will not be bound by a party's choice of label for its action

where to do so would not only put form over substance but would also invade the exclusive statutory jurisdiction of the Workmen's Compensation Bureau.

Affirmed.