AUTO-OWNERS INSURANCE COMPANY v ELCHUK

Docket No. 49910. Submitted October 7, 1980, at Lansing.—Decided February 4, 1981.

Auto-Owners Insurance Company brought an action in Ingham Circuit Court against Artem and Theresa Elchuk, d/b/a Capitol Car Wash, seeking reformation of a workers' disability compensation insurance policy issued by plaintiff to defendants. Plaintiff alleged that on February 2, 1979, after an injury earlier that day to an employee at defendants' car wash, defendants sought a workers' disability compensation insurance policy from plaintiff. Plaintiff further alleged that it was the intention and understanding of the parties that coverage by the policy was to commence subsequent to the injury which had already occurred; however, the policy as issued indicated by its terms that coverage commenced at 12:01 a.m. on February 2, 1979. Plaintiff sought to have the policy reformed so as to exclude coverage of the February 2, 1979, injury in accordance with the intent and understanding of the parties at the time the policy was secured. Defendants claimed that the injury occurred after the request for coverage and denied that there were any conditions or limitations on the issuance of the policy and moved for accelerated judgment on the basis that the circuit court lacked subject matter jurisdiction over the dispute, exclusive jurisdiction being vested in the Bureau of Workmen's Compensation by reason of the bureau's consideration of the pending claim for compensation. James T. Kallman, J., granted the motion for accelerated judgment. Plaintiff appeals. *Held:*

Plaintiff insurance company's claim for declaratory judgment sought reformation of the insurance policy to conform with the alleged intent of the parties. Reformation of a contract for insurance is an equitable remedy. While the Bureau of Workmen's Compensation is statutorily vested with jurisdiction to determine all disputes relating to workers' disability compensation, the bureau, being an administrative agency, lacks jurisdic-

REFERENCES FOR POINTS IN HEADNOTE

[1] 43 Am Jur 2d, Insurance §§ 356, 357.

Reformation of insurance policy to correctly identify risks and causes of loss. 32 ALR3d 661.

tion to grant equitable relief. Since the courts retain their traditional jurisdiction to grant equitable relief, even with respect to claims arising out of workers' disability compensation matters, the trial court erred in granting accelerated judgment on the basis of lack of jurisdiction to consider plaintiff's equitable claim for reformation of the insurance contract.

Reversed and remanded.

WORKERS' COMPENSATION — COURTS — JURISDICTION — CONTRACTS — REFORMATION — EQUITY.

The circuit courts, rather than the Bureau of Workmen's Compensation, have subject matter jurisdiction over a claim by an insurance carrier that a contract for workers' disability compensation insurance should be reformed to accurately express the intent of the parties at the time of the issuance of the policy, since reformation of a contract of insurance is an equitable remedy and only the courts have the power to decree such equitable relief.

*Munroe & Nobach, P.C.* (by *George H. Wyatt, III*), for plaintiff.

*William L. Ferrigan,* for defendants.

Before: V. J. BRENNAN, P.J., and ALLEN and BEASLEY, JJ.

V. J. BRENNAN, P.J. The question presented on this appeal is whether the trial court properly dismissed the action below on the ground that it lacked subject matter jurisdiction over the claim.

In its complaint, plaintiff alleged that a policy of workers' disability compensation insurance inaccurately expressed the effective date of the policy. By terms of the policy, coverage commenced on February 2, 1979, at 12:01 a.m. Plaintiff asserted that this did not reflect the understanding and intention of the parties to this action inasmuch as the request for coverage was made subsequent to an injury to one of defendants' employees, which occurred at approximately 10 a.m. on that date.

Plaintiff's agent allegedly accepted the application from defendants, but specified that the policy would not insure against a loss which had already occurred. Plaintiff alleged the defendants sought to recover under the terms of the policy as a workers' compensation claim had been filed by the injured employee naming the insured and the insurer as parties. Plaintiff requested the lower court to issue a declaratory order reforming the terms of the insurance policy to accurately reflect the contractual intention of the parties.

In their answer, defendants claimed that the injury occurred after the request for insurance coverage. Defendants denied any conditions or limitations as to the issuance of the policy. In light of the action pending before the Bureau of Workmen's Compensation, defendants requested dismissal of the civil suit pursuant to GCR 1963, 116.1(4), on the basis that the bureau was the proper forum to determine plaintiff's liability.

Subsequently, the trial court dismissed the action on the ground that it lacked subject matter jurisdiction. The court relied on MCL 418.841; MSA 17.237(841) and *St Paul Fire & Marine Ins Co v Littky,* 60 Mich App 375; 230 NW2d 440 (1975), for its conclusion that exclusive jurisdiction was vested in the Bureau of Workmen's Compensation to determine the issue of liability under the insurance contract.

MCL 418.841; MSA 17.237(841) requires that "[a]ny controversy concerning compensation shall be submitted to the bureau and all questions arising under this act shall be determined by the bureau". This statutory enactment has been construed as vesting in the Bureau of Workmen's Compensation the exclusive jurisdiction to resolve all disputes relating to workmen's compensation, *Littky, supra.*

In *Littky,* an insurance company sought a declaratory judgment with respect to its liability under a policy issued to the employer. The complaint alleged that an employee had filed a petition with the Bureau of Workmen's Compensation seeking compensation for injuries sustained while in the course of employment. Allegedly, the injured employee was engaged in the practice of law although he had never been licensed to practice in this state. The sole question in *Littky* was whether, under a clause excluding from coverage any employee employed in violation of law, plaintiff was liable to defendant. The circuit court dismissed the complaint on the basis that the Bureau of Workmen's Compensation was the proper forum to determine the rights and liabilities of the parties. This Court affirmed, ruling that "[a] declaratory judgment action cannot be maintained to resolve disputes which are within the exclusive jurisdiction of an administrative agency. *United Skilled Maintenance Trades Employees of the Board of Education of Pontiac v Pontiac Board of Education,* 375 Mich 573; 134 NW2d 736 (1965)." *Littky, supra,* 378.

However, we conclude that the statutory bar of MCL 418.841; MSA 17.237(841) and the underlying facts of *Littky* are distinguished in the instant case, and, hence, the trial court's reliance upon them was misplaced.

We begin by noting that the gravamen of plaintiff's complaint is reformation of the insurance policy, *i.e.,* whether the terms of the policy reflect the agreement struck between the insurance company and the employer. Reformation of an insurance policy is an equitable remedy. See 19 Michigan Law & Practice, Reformation of Instruments, § 21 p 446, note 1; *Progressive Mutual Ins Co v Taylor,* 35 Mich App 633; 193 NW2d 54 (1971).

While we fully acknowledge that the bureau has exclusive jurisdiction to determine "all disputes relating to workmen's compensation", it must also be borne in mind that it is an administrative tribunal only and not a court possessing inherent judicial powers. *Stuart v Spencer Coal Co,* 307 Mich 685, 689; 12 NW2d 443 (1943), *Woody v American Tank Co,* 49 Mich App 217, 227; 211 NW2d 666 (1973), *Littky, supra,* 378. Specifically, the bureau lacks the requisite jurisdiction of a court of equity to undertake the task of reformation of the insurance policy.

In *Michigan Mutual Liability Co v Baker,* 295 Mich 237, 242-243; 294 NW 168 (1940), the Supreme Court was asked to decide if the jurisdiction to cancel an insurance certificate on the ground of fraud and mistake vested in a court of equity or the department of labor and industry (the predecessor to the bureau). The Supreme Court stated:

"In some jurisdictions, the tribunal administering the workmen's compensation law may have complete power to adjudicate legal and equitable questions relating to insurance matters because of specific constitutional provision or different constitutional interpretation. This is not so in Michigan or in some other jurisdictions. In Michigan, questions historically of equitable cognizance must remain determinable in chancery. Accordingly, we have insisted that a court of equity is the only forum to adjudicate questions of fraud relating to the administration of the workmen's compensation law.

"We think, also, that the question of mistake in the issuance of an insurer's certificate is to be determined by a court of equity and not by the department, and that the intervention of equity is necessary for adequate protection of the rights of an insurer." (Citations omitted.)

We are persuaded that the *Baker* decision re-
mains good law especially in light of the Supreme
Court's recent pronouncement that the workers'
compensation laws have not divested the courts of
traditional equitable jurisdiction. *Solo v Chrysler
Corp (On Rehearing),* 408 Mich 345; 292 NW2d 438
(1980). Therefore, we find that the plaintiff prop-
erly sought redress in the Ingham County Circuit
Court for reformation of the insurance policy so as
to reflect the agreement of the parties and that
the circuit court had subject matter jurisdiction.

Reversed and remanded.