MICHIGAN PROPERTY AND CASUALTY GUARANTY
ASSOCIATION v CHECKER CAB COMPANY

Docket No. 76273. Submitted June 20, 1984, at Detroit.—Decided
    August 13, 1984.

Michigan Property and Casualty Guaranty Association brought
    an action in the Wayne Circuit Court against the Checker Cab
    Company, Lewis Peters, a former employee of Checker who
    filed a claim for workers' compensation, and James Brakora,
    Director of the Bureau of Workers' Disability Compensation,
    for a declaratory judgment that plaintiff had no duty to defend
    against Peters' claim or to pay any award which might be
    entered on the claim. Checker had been insured for workers'
    compensation claims by a company which was declared insol-
    vent. Plaintiff alleged that the settlement in the insolvency
    proceedings limited the claims which would be considered
    covered claims against the insolvent company for which plain-
    tiff would become obligated to defend against or pay. The court,
    Michael J. Connor, J., granted accelerated judgment for defen-
    dants on the basis that the Bureau of Workers' Disability
    Compensation had exclusive jurisdiction. Plaintiff appealed.
    *Held:*

    Issues concerning injuries and whether they grew out of and
    in the course of the employment relationship must be initially
    submitted to the Bureau of Workers' Disability Compensation.
    However, the circuit court has jurisdiction to determine rights
    arising out of an entirely different relationship and in an
    entirely different type of proceeding in which the employer-
    employee relationship is only incidentally involved. Although
    the action does involve a party other than the employer and
    employee, the underlying question is whether claimant Peters
    is entitled to workers' compensation benefits. The employer-
    employee relationship is more than tangentially or incidentally
    involved in this case, and resolution of the entire dispute is
    properly within the province of the bureau.

    Affirmed.

Rᴇғᴇʀᴇɴᴄᴇ ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇ
22 Am Jur 2d, Declaratory Judgments § 73.

WORKERS' COMPENSATION — JURISDICTION — ACTIONS.

A declaratory judgment action may not be maintained to resolve disputes which are within the exclusive jurisdiction of the Bureau of Workers' Disability Compensation; thus, the Michigan Property and Casualty Guaranty Association may not maintain an action against an injured employee, his employer, whose workers' compensation insurer has become insolvent, and the director of the Bureau of Workers' Disability Compensation to declare that it has no obligation to defend against the claim brought by the injured employee or to pay any award which may be entered on the claim (MCL 418.841; MSA 17.237[841]).

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Donald S. Young* and *Susan Artinian)*, for plaintiff.

*Alan R. Miller, P.C.* (by *John J. Schrot, Jr.* and *Joseph F. Yamin)*, for Checker Cab Co.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Joseph M. Binno,* Assistant Attorney General, for James M. Brakora.

Before: ALLEN, P.J., and WAHLS and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff commenced this action seeking a declaratory judgment that it has no obligation to defend a workers' disability compensation claim brought by Lewis Peters or to pay any award which might be entered on that claim. The trial court granted a motion for accelerated judgment filed by defendant Director of the Bureau of Workers' Disability Compensation, finding that the matter is within the exclusive jurisdiction of the bureau under MCL 418.841; MSA 17.237(841).

Lewis Peters is a former employee of defendant

___

* Circuit judge, sitting on the Court of Appeals by assignment.

Checker Cab Company, which was insured for workers' compensation claims under a policy issued by Commercial Underwriters. Commercial Underwriters was declared insolvent in 1974. Pursuant to the Property and Casualty Guaranty Association Act, MCL 500.7901 *et seq.;* MSA 24.17901 *et seq.,* plaintiff became obligated to pay the "covered claims" of the insolvent insurer. See MCL 500.7925; MSA 24.17925, and MCL 500.7931; MSA 24.17931. Plaintiff's complaint for declaratory judgment alleges that a 1975 stipulated order entered in the insolvency proceedings and a 1977 settlement agreement defined and limited the claims which will be considered "covered claims" against Commercial Underwriters. Plaintiff sought a declaratory judgment that Peters' claim was not a "covered claim" and that plaintiff was therefore not obligated to defend against or pay the claim. The trial court granted accelerated judgment finding the matter to be within the exclusive jurisdiction of the bureau.

MCL 418.841; MSA 17.237(841) provides:

"Any controversy concerning compensation shall be submitted to the bureau and all questions arising under this act shall be determined by the bureau. The director shall be deemed to be an interested party in all workmen's compensation cases in questions of law."

Issues concerning injuries and whether they grew out of and in the course of the employment relationship must be initially submitted to the Bureau of Workers' Disability Compensation. *Szydlowski v General Motors Corp,* 397 Mich 356; 245 NW2d 26 (1976); *Genson v Bofors-Lakeway, Inc,* 122 Mich App 470, 474; 332 NW2d 507 (1983). The

bureau's jurisdiction does not, however, take precedence over that of the circuit court in every case involving an issue concerning the applicability of the Worker's Disability Compensation Act. *Sewell v Clearing Machine Corp,* 419 Mich 56, 62; 347 NW2d 447 (1984). The circuit court has jurisdiction to determine rights arising out of an entirely different relationship and in an entirely different type of proceeding in which the employer-employee relationship is only incidentally involved. *Modeen v Consumers Power Co,* 384 Mich 354, 360-361; 184 NW2d 197 (1971); *Bonney v Citizens Mutual Automobile Ins Co,* 333 Mich 435, 440; 53 NW2d 321 (1952).

Plaintiff contends that the circuit court has equity jurisdiction to declare the extent of plaintiff's obligations to Checker Cab Company and that the employer-employee relationship is only tangentially involved. This Court will not, however, be bound by plaintiff's characterization of the action as one in equity; a declaratory judgment action cannot be maintained to resolve disputes which are within the exclusive jurisdiction of the bureau. *St Paul Fire & Marine Ins Co v Littky,* 60 Mich App 375; 230 NW2d 440 (1975). Although the present action does involve a party other than the employer and employee, the underlying question is whether claimant Peters is entitled to workers' compensation benefits. We believe that the employer-employee relationship is more than tangentially or incidentally involved in this case, and that resolution of the entire dispute is properly within the province of the bureau. Accelerated judgment was correctly granted in favor of defendants.

Affirmed.