DELKE v SCHEUREN

Docket No. 119347, 119375. Submitted May 15, 1990, at Marquette. Decided August 23, 1990. Leave to appeal applied for.

Jeffrey L. Delke suffered a hernia on September 1, 1982, while lifting bales of hay for his employer, James Scheuren. Delke continued to work for Scheuren until September 26, 1982, and on November 29, 1982, filed a petition with the Bureau of Workers' Disability Compensation claiming disability as a result of his work-related injury. On September 6, 1983, Delke amended his petition to allege that Scheuren had discharged him and refused to rehire him, in violation of the Workers' Disability Compensation Act. Delke then withdrew his disability claim and proceeded on only the retaliatory discharge claim. Following a hearing, a referee denied Delke's claim, finding that Scheuren did not discriminate against Delke in not rehiring him on the basis of the institution of proceedings under the workers' compensation act. The referee also ruled that the Accident Fund of Michigan was obligated to defend Scheuren and to pay any damages and costs to which Delke may be entitled as a result of the alleged retaliatory discharge. Delke and the Accident Fund both appealed the referee's decision to the Workers' Compensation Appeal Board. The WCAB vacated the referee's decision regarding Delke's claim of retaliatory discharge, holding that neither the referee nor the WCAB had authority or jurisdiction to enforce the retaliatory discharge provision of the workers' compensation act. The WCAB also held that it did have jurisdiction to decide the insurance question and that the Accident Fund is obligated to defend Scheuren and to cover any damages and costs awarded in any circuit court action in connection with the alleged retaliatory discharge claim. Delke and the Accident Fund filed, by leave granted, separate appeals from the decision of the WCAB. The appeals have been consolidated.

The Court of Appeals held:

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 55, 545, 546, 683.

Recovery for discharge from employment in retaliation for filing worker's compensation claim. 32 ALR4th 1221.

1. The WCAB correctly determined that the Bureau of Workers' Disability Compensation does not have jurisdiction to decide a claim of retaliatory discharge. The bureau may award benefits only if it finds that a claimant is disabled within the meaning of the workers' compensation act, i.e., has suffered a loss of wage-earning capacity. No such loss is demonstrated in a retaliatory discharge action. Furthermore, there is no express legislative conferral of authority on the bureau or the WCAB to order reinstatement and back pay, the equitable remedies customarily sought in a retaliatory discharge action.

2. The WCAB erred in finding that it had the authority to decide whether the Accident Fund was required to defend and indemnify Scheuren. While the WCAB may decide insurance coverage questions in cases where it has properly taken jurisdiction of the claimant's petition for compensation, it is inappropriate for it to decide the coverage question when jurisdiction over the substantive question of liability is in a court of general jurisdiction.

Affirmed in part and reversed in part.

1. WORKERS' COMPENSATION — RETALIATORY DISCHARGE ACTIONS — JURISDICTION.

The Bureau of Workers' Disability Compensation lacks jurisdiction to decide a retaliatory discharge action; it may award benefits only if it finds that a claimant is disabled within the meaning of the workers' compensation act, i.e., has suffered a loss of wage-earning capacity; no loss of wage-earning capacity is involved in a retaliatory discharge action, and the bureau lacks the power to award reinstatement and back pay, the equitable remedies customarily sought in a retaliatory discharge action (MCL 418.301[11]; MSA 17.237[301][11]).

2. WORKERS' COMPENSATION — APPEAL BOARD.

It is inappropriate for the Workers' Compensation Appeal Board to decide questions of insurance coverage in an action in which jurisdiction over the substantive question of liability is in a court of general jurisdiction.

*Green, Renner, Weisse, Rettig, Rademacher & Clark, P.C.* (by *James M. Rettig*), for Jeffrey L. Delke.

*Peterson, Beauchamp, DeGrand, Reardon & Hall, P.C.* (by *Ralph B. K. Peterson*), for Accident Fund of Michigan.

Before: CYNAR, P.J., and WEAVER and GRIFFIN, JJ.

PER CURIAM. Both plaintiff Jeffrey L. Delke and defendant Accident Fund of Michigan appeal by leave granted from an order of the Workers' Compensation Appeal Board, which vacated a hearing referee's decision regarding plaintiff's claim of retaliatory discharge, but affirmed the referee's determination that the Accident Fund was obligated to defend the employer, defendant James Scheuren, and to pay any damages and costs to which plaintiff may be entitled as a result of the alleged retaliatory discharge. We affirm in part and reverse in part.

Plaintiff suffered a hernia on September 1, 1982, while lifting bales of hay for defendant employer. His last day worked was September 26, 1982. He filed a petition for hearing on November 29, 1982, claiming disability as a result of the work-related injury. On September 6, 1983, plaintiff filed an amended petition, claiming that the employer had discharged him and refused to rehire him in violation of § 301(11) of the act, MCL 418.301(11); MSA 17.237(301)(11), which provides:

> A person shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under this act or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act.

By the time of the hearing, plaintiff apparently withdrew his disability claim and proceeded only on the retaliatory discharge claim. In a decision mailed March 29, 1984, the referee denied the claim, finding as fact "that the employer did not

discriminate under § 301(11) in not rehiring petitioner based on the institution of proceedings under the Act." In response to an inquiry from defendants, a second decision was mailed on June 20, 1984, which included the following additional language:

> ADDENDUM: Defense counsel rightly argue that a second issue presented and argued at trial was not decided in the above decision: whether or not the insurance carrier had an obligation under the Act to provide a legal defense to the claim of discriminatory non-reemployment of Petitioner under section 301(11). As to this second issue I find that section 621(2) mandates that the carrier had the obligation to defend the employer. But as to the ultimate relief sought by the employer, as limited by the decision finding no discriminatory treatment of Petitioner, I have no power to award costs or damages.

Both plaintiff and defendant insurance company appealed. In a decision and order dated June 30, 1989, the WCAB vacated the referee's finding under § 301(11) and denied plaintiff's petition, holding that neither the referee nor the WCAB had authority or jurisdiction to enforce § 301(11). The WCAB also held, however, that it did have jurisdiction to decide the insurance question and that defendant insurer is obligated to defend the employer and to cover any damages and costs awarded in any circuit court action in connection with the alleged retaliatory discharge claim.

Plaintiff contends that the WCAB erred in finding that MCL 418.301(11); MSA 17.237(301)(11) does not provide the Bureau of Workers' Disability Compensation with jurisdiction to hear his discrimination claim. He argues that the amendment of § 301 to include subsection (11) manifests a

legislative intent to treat retaliatory discharges as a form of personal injury compensable under the act. Plaintiff notes that prior to the amendment a discharge in retaliation for filing a workers' compensation claim was actionable as a violation of public policy. *Sventko v Kroger Co,* 69 Mich App 644; 245 NW2d 151 (1976). Because § 301(11) was therefore unnecessary to create a cause of action for retaliatory discharge, plaintiff concludes that the subsection must have been added in order to create an administrative remedy in addition to any legal remedies. Moreover, plaintiff notes that § 301(11) appears to be patterned after § 65(1) of the Michigan Occupational Safety and Health Act (MIOSHA), MCL 408.1065(1); MSA 17.50(65)(1). Plaintiff notes that § 65 in addition to its nonretaliation language provides a detailed administrative scheme for handling retaliation claims culminating in court review under the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* Plaintiff concludes that the Legislature's failure to include such a scheme in § 301 implies that the Legislature intended retaliation claims to be treated like all other claims under the workers' compensation act. Finally, plaintiff claims that these conclusions are reinforced by § 841(1) of the act, MCL 418.841(1); MSA 17.237(841)(1), which provides:

> Any dispute or controversy concerning compensation or other benefits shall be submitted to the bureau and all questions arising under this act shall be determined by the bureau or a worker's compensation magistrate, as applicable. The director may be an interested party in all worker's compensation cases in questions of law.

Because a claim of retaliatory discharge in violation of § 301(11) is a question "arising under this

act," plaintiff concludes that the instant dispute must be submitted to the bureau for determination.

On the other hand, defendant argues that in every workers' compensation claim two questions must be answered: (1) is the claimant disabled; and (2) was the disability caused by the employment. Because plaintiff was not "disabled" within the meaning of the act, there is no true workers' compensation claim in the instant case. Like plaintiff, defendant notes that § 301(11) appears similar to § 65(1) of MIOSHA, but draws the opposite conclusion. Because the Legislature spelled out an administrative scheme to remedy violations of the nonretaliation language of MIOSHA, the Legislature's failure to specify such a scheme here means that the Legislature did not intend hearing referees or the WCAB to address themselves to retaliation claims. Finally, defendant argues that § 841(1) does not mandate a different result, because the instant case does not involve any "dispute or controversy concerning compensation or other benefits" under the act.

We believe the WCAB and defendant have the better argument. Even if a retaliatory discharge should be treated as a "personal injury," benefits may be awarded only if a claimant is found to be "disabled" within the meaning of the act, i.e., has suffered a loss of wage-earning capacity. MCL 418.301(4); MSA 17.237(301)(4). No such loss has been demonstrated here. The Legislature may have added § 301(11) simply to codify the holding in *Sventko, supra,* or to limit the scope of workers' compensation retaliation actions. For example, in *Wilson v Acacia Park Cemetery Ass'n,* 162 Mich App 638, 645-646; 413 NW2d 79 (1987), this Court held that a plaintiff may not premise his right of recovery on a defendant's alleged anticipation of

*future* workers' compensation claims, in part because of the language of § 301(11). Given this plausible interpretation of the Legislature's intent, as well as the fact that the fact-finding involved in a retaliatory discharge action would go beyond the range of the bureau's or the WCAB's expertise, we find that plaintiff has failed to show sufficient evidence of legislative intent to create an administrative remedy for retaliatory discharge.

Furthermore, the bureau and the WCAB would be unable to award the equitable remedies customarily sought in a retaliatory discharge action, such as reinstatement and back pay. In the absence of an express legislative conferral of authority, an administrative agency generally lacks the powers of a court of equity. *Auto-Owners Ins Co v Elchuk,* 103 Mich App 542, 545-546; 303 NW2d 35 (1981). The workers' compensation act contains no such provision, in contrast to § 65(2) of MIOSHA which expressly provides for orders of reinstatement and back pay.

While we agree with the WCAB that the bureau is without jurisdiction to decide a retaliation claim, we do not agree that the bureau and the WCAB had the authority to decide whether defendant Accident Fund was required to defend and indemnify defendant employer. The WCAB premised its decision on § 621(2) of the act, MCL 418.621(2); MSA 17.237(621)(2), which provides for certain mandatory language in every workers' compensation insurance policy. In particular, § 621(2) requires the following to be included in every policy:

> Compensation. (a) That it will pay to the persons that may become entitled thereto all workmen's compensation for which the insured employer may become liable under the provisions of the Michi-

gan workmen's compensation act for all compensable injuries or compensable occupational diseases happening to his employees during the life of this contract or policy;

* * *

Obligations assumed. (f) That it hereby assumes all obligations imposed upon the employer by his acceptance of the Michigan workmen's compensation act, as far as the payment of compensation, death benefits, medical surgical, hospital care or medicine and rehabilitation services is concerned.

Section 621(2) also provides that the insurance policy cover "all the businesses, employees, enterprises, and activities of the employer."

Although we agree that the terms of § 621 and of the individual insurance policy in question will have to be reviewed in order to determine whether a workers' compensation insurer is obliged to defend and indemnify an insured in a retaliation action, neither § 621 nor the individual insurance policy confers jurisdiction or authority on the bureau or the WCAB to perform this review. Certainly, pursuant to § 841(1), the bureau and the WCAB may decide insurance coverage questions in cases where jurisdiction of the claimant's petition for compensation has been properly taken. See, e.g., *Michigan Property & Casualty Guaranty Ass'n v Checker Cab Co,* 138 Mich App 180; 360 NW2d 168 (1984), and *St Paul Fire & Marine Ins Co v Littky,* 60 Mich App 375; 230 NW2d 440 (1975). However, we believe it is inappropriate for the WCAB to decide the coverage question when jurisdiction over the substantive question of liability is in a court of general jurisdiction. Principles of judicial and administrative economy lead to the conclusion that the issues be resolved in a single forum.

Affirmed in part and reversed in part.