# Court of Appeals, State of Michigan

## ORDER

Jason Allen v Charlevoix Abstract & Engineering Company

Docket No. 339162

LC No. 14-000047

Brock A. Swartzle
Presiding Judge

David H. Sawyer

Amy Ronayne Krause
Judges

On the Court's own motion, the January 3, 2019 opinion is hereby AMENDED to correct nonsubstantive errors in Sections I, III, and V of the opinion.

The Reporter of Decisions is DIRECTED to replace the second full paragraph on page 3 of the opinion with:

> The magistrate resolved the matter of the $350,000 recovery, which is not at issue in this appeal. The magistrate also determined that the VPA did in fact contain a mathematical error but that he lacked equitable jurisdiction and therefore could not modify the parties' agreement. However, the magistrate also stated that he would have modified the agreement if he had the power to do so and that "the correct *Franges* numbers to be applied ... would be a future weekly rate of $264.53 for 131.7464 weeks into the future before resumption of full weekly benefits." On appeal, the MCAC affirmed the magistrate's ruling that he lacked equitable power or authority to modify the VPA. The MCAC declined to address the magistrate's "dicta" detailing how he would have modified the VPA given the power to do so. Nevertheless, the MCAC did observe that the facts in the matter were essentially undisputed.

Section III of the released opinion is to be replaced with the following amended Section III:

### III. EQUITABLE POWERS OF WORKERS' COMPENSATION MAGISTRATES

> The primary issue presented on appeal is whether the MCAC correctly determined that the magistrate lacked the equitable power necessary to modify the VPA. A contract is legally enforceable even if procured by fraud or mistake, and thus "plenary relief traditionally rests exclusively in equity . . . ." *Solo v Chrysler Corp (On Rehearing)*, 408 Mich 345, 352; 292 NW2d 438 (1980). We conclude that the MCAC correctly determined that the magistrate lacked equitable jurisdiction and therefore lacked the power to modify the VPA.

"Long ago, we recognized that the right to have equity controversies dealt with by equitable methods is as sacred as the right of trial by jury." *Madugula v Taub*, 496 Mich 685, 705; 853 NW2d 75 (2014) (quotation marks, citation, and brackets omitted). "That is, '[t]he cognizance of equitable questions belongs to the judiciary as a part of the judicial power, and under our Constitution must remain vested where it always has been vested heretofore.' " *Id.*, quoting *Brown v Buck*, 75 Mich 274, 285; 42 NW 827 (1889). Thus, an administrative agency possesses the jurisdiction to address any questions within its remit, but "it must be borne in mind that it is an administrative tribunal only and not a court possessing general equitable and legal powers." *Mich Mut Liability Co v Baker*, 295 Mich 237, 242; 294 NW 168 (1940) (quotation marks and citation omitted). "In the absence of an express legislative conferral of authority, an administrative agency generally lacks the powers of a court of equity." *Delke v Scheuren*, 185 Mich App 326, 332; 460 NW2d 324 (1990).

This Court has specifically observed that the MCAC's predecessor, the former Bureau of Workmen's Compensation, "lack[ed] the requisite jurisdiction of a court of equity to undertake the task of reformation of [an] insurance policy." *Auto-Owners Ins Co v Elchuk*, 103 Mich App 542, 546; 303 NW2d 35 (1981), relying on *Baker* and its progeny. *Elchuk* was also consistent with *Scott v Grow*, 301 Mich 226; 3 NW2d 254 (1942), in which our Supreme Court observed that " 'jurisdiction to reform written agreements' " " 'is exclusively vested in courts of equity' " and not in courts of law. *Scott*, 301 Mich at 238-239, quoting *Bush v Merriman*, 87 Mich 260, 268; 49 NW 567 (1891). "Equity has exclusive jurisdiction to rescind an agreement on the ground of mutual mistake." *Solo*, 408 Mich at 353. Consequently, it is well established that the relief sought in this matter, modification of a contract, is strictly equitable in nature, and the magistrate, as a member of an administrative tribunal, had no equitable jurisdiction.

Nevertheless, some confusion may have resulted from this Court's observation that "[w]hile the [MCAC] has no equitable *jurisdiction*, it is well established that it may apply equitable *principles* in appropriate instances to further the purposes of the [WDCA]." *Lulgjuraj v Chrysler Corp*, 185 Mich App 539, 544-545; 463 NW2d 152 (1990) (emphasis added). To the extent *Lulgjuraj* can be understood to suggest that the MCAC may exercise equitable powers, such as the power to reform a contract, *Lulgjuraj* unambiguously conflicts with well-established and thoroughly settled caselaw from our Supreme Court to the contrary. Our Supreme Court has explained that equitable jurisdiction is not precisely the same as equitable relief and that parties sometimes conflate "equity jurisdiction with equity jurisprudence." *Solo*, 408 Mich at 353. Nevertheless, "[e]quity has exclusive jurisdiction to rescind an agreement on the ground of mutual mistake." *Id.* Because *Lulgjuraj* was decided

before November 1, 1990, it is not strictly binding pursuant to MCR 7.215(J)(1), and even if it were, we would be required to ignore it in favor of any conflicting Supreme Court precedent. See *Paige v City of Sterling Hts*, 476 Mich 495, 524; 720 NW2d 219 (2006).

In summary, the MCAC correctly determined that the magistrate lacked equitable jurisdiction and therefore lacked the power to reform or modify the VPA.

The first sentence in Section V is to be replaced with the following:

We affirm the MCAC's conclusions that modifying the VPA is equitable in nature and that the magistrate lacked the equitable power to do so.

In all other respects, the January 3, 2019 opinion remains unchanged.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

JUN 1 7 2019
_____
Date

_____
Chief Clerk