BUSH v BRUNSWICK CORPORATION

Docket No. 78-3870. Submitted June 6, 1979, at Grand Rapids.—
     Decided October 1, 1979.

    Orlo Bush, a maintenance supervisor at Brunswick Corporation,
slipped and fell backwards on a cement stairway striking his
lower back on a step. The injury caused him pain and numb-
ness in his left foot. This slip and fall occurred on September
22, 1972. The pain in his back and numbness in his leg
continued and interferred with his employment at Brunswick.
On January 12, 1973, Bush was laid off at Brunswick, although
other maintenance supervisors with less seniority were not. At
his subsequent hearing he testified that he could have contin-
ued working in a somewhat limited capacity because he could
not do all the things he had done before he was injured. After
he was laid off, he worked for short periods of time at East
Shore Chemical Company and Fedders Corporation, although
his back and leg condition remained the same. In April, 1975,
Bush was examined by an orthopedic surgeon who found verte-
bra, disc and nerve root problems which were possibly caused
or aggravated by his fall at Brunswick. Bush filed a claim for
compensation benefits. Following a hearing by the Worker's
Compensation Appeal Board, the board issued its opinion and
order finding that plaintiff had been limited in his field of skill
since the Brunswick accident and was therefore entitled to
compensation benefits. Defendants Brunswick Corporation and
its insurer, Travelers Insurance Company, appeal. The conten-
tions on appeal are: (1) that there was insufficient evidence to
support the board's finding of fact that one employed as a
skilled maintenance supervisor is required to be able to per-
form the work of those whom he supervises, (2) that the board
applied an impairment of physical ability test in determining
plaintiff's disability which is unsupported by the record, (3) that
the board erred in finding that plaintiff's post-injury job at
Brunswick was favored work, and (4) that the board erred in

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 631.
[2] 82 Am Jur 2d, Workmen's Compensation § 630.
[3] 2 Am Jur 2d, Administrative Law §§ 518, 519.

reinstating plaintiff's benefits in full on April 21, 1975, the date on which medical testimony demonstrated that plaintiff was no longer suffering any residual effects of a stroke which occurred on July 12, 1974. *Held:*

1. Remand to the board is necessary so that it may make a finding of fact as to whether plaintiff suffered a loss of wage earning capacity in his field of skill, taking into consideration the fact that there is no evidence to support a finding that a maintenance supervisor is required to perform the physical labor of the skilled workers under his supervision.

2. The board specifically relied in its opinion on the standards for physical disability which defendant cites in his brief as correct. This does not constitute error.

3. The board's decision that plaintiff's post-injury job at Brunswick was favored work was supported by the evidence and is conclusive; however, on remand the board should indicate the testimony adopted, the legal standard applied and the reasoning used in reaching its decision.

4. The board erred in reinstating benefits on April 12, 1975. Plaintiff was entitled to benefits beginning on July 12, 1974. He was unemployed, had a disability which prevented work in his field of skill, and was therefore eligible for benefits in spite of the fact that he was also suffering from a noncompensable ailment at the time.

Remanded to the Worker's Compensation Appeal Board.

1. WORKMEN'S COMPENSATION — FINDINGS OF FACT — APPEAL AND ERROR — EVIDENCE — CONSTITUTIONAL LAW.

Findings of fact by the Worker's Compensation Appeal Board, in the absence of fraud, are conclusive if supported by any evidence (Const 1963, art 6, § 28).

2. WORKMEN'S COMPENSATION — QUESTION OF LAW — APPEAL AND ERROR — QUESTIONS OF FACT — LIMITED REVIEW.

Appellate review in worker's disability compensation cases is limited to questions of law.

3. WORKMEN'S COMPENSATION — SUPPORT FOR DECISIONS — APPEAL AND ERROR.

The Worker's Compensation Appeal Board in reaching a decision must indicate the testimony it has adopted, the legal standard it has applied to that testimony, and the reasoning it has used in reaching its decision.

*McCroskey, Libner, VanLeuven, Feldman, Kort-*

*ering, Cochrane & Brock* (by *James L. Waters*), for plaintiff.

*Lindman, Hathaway, Latimer, Clink & Robb* (by *David B. Merwin* and *John D. Vander Ploeg*), for Brunswick Corporation and Travelers Insurance Company.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells*), for defendants East Shore Chemical Company and General Accident, Fire & Life Insurance Company.

Before: R. B. BURNS, P.J., and D. E. HOLBROOK, JR. and B. D. BURDICK,* JJ.

B. D. BURDICK, J. Defendants Brunswick Corporation and Travelers Insurance Company appeal by leave granted on August 25, 1978, Worker's Compensation Appeal Board opinion and order awarding plaintiff benefits.

At a hearing, plaintiff testified that he was hired by Brunswick Corporation as a maintenance supervisor in 1959. Plaintiff was in good physical condition when he began work at Brunswick. However, on September 22, 1972, while descending a cement stairway, he slipped, fell backwards and struck his lower back on a step, causing him pain and numbness in his left foot. Plaintiff had not experienced these symptoms before he fell and had not injured himself since. Plaintiff further testified that he returned to work a few days after the fall and completed his job activities as best he could, that he could not spend too much time on his feet and could not climb the stairs even though there were several floors in the factory and he needed to

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

climb the stairs 3 to 4 times per day, that the pain in his back and the numbness in his leg had never ceased entirely since the accident, and that there had been no improvement in his condition between the time of the injury and the time of the hearing. He testified that he could have continued working at Brunswick had he not been laid off, but only in a somewhat limited capacity because he could not do all the things he had done before he was injured. At Brunswick, pursuant to a union contract, supervisors did not do any heavy work. Plaintiff was laid off by Brunswick on January 12, 1973; maintenance supervisors with less seniority than plaintiff were not laid off at that time.

Plaintiff subsequently took an unskilled job at East Shore Chemical Company, but left after 3 to 4 months because he could not do the climbing and lifting that he was expected to do and because he intended to take another job.

Plaintiff next took a job with Fedders Corporation as a maintenance supervisor, the same type of position he had held at Brunswick, with the exception that no climbing was required at Fedders because plaintiff's work was all on one floor. Plaintiff made higher wages at Fedders than he had at Brunswick. Plaintiff's back and leg condition remained the same while he was at Fedders. Plaintiff left Fedders after 13 months, in July 1974, after a slight stroke from which plaintiff fully recovered.

In April, 1975, plaintiff's physical problems were diagnosed by an orthopedic surgeon as spondylolisthesis, *i.e.,* a forward displacement or slipping of a vertebra over its fellow below, multiple disc degeneration, and nerve root pressure, all possibly caused or aggravated by plaintiff's fall at Brunswick. The doctor opined that plaintiff was not

employable at general physical labor, but that he might be able to work as a supervisor doing some walking and light sedentary work. The doctor indicated that plaintiff would simply have to try and see what he was and was not able to do without discomfort and restrict his activities accordingly.

Defendant Brunswick appeals the decision of the Worker's Compensation Appeal Board that plaintiff has been limited in his field of skill since the Brunswick accident. The board awarded plaintiff compensation at $95 per week from the time he was laid off at Brunswick until March 23, 1973, and from April 21, 1975, until further order of the board. The board also awarded the plaintiff compensation from March 24, 1973, to June 25, 1973, pursuant to MCL 418.361; MSA 17.237(361), at a rate not to exceed $95 per week.

Defendant Brunswick first argues that there was insufficient evidence to support the Worker's Compensation Appeal Board's finding of fact that one employed as a skilled maintenance supervisor is required to be able to perform the work of those whom he supervises. The board's findings of fact are conclusive, in the absence of fraud, if supported by any evidence. Const 1963, art 6, § 28; *Carter v Kelsey-Hayes Co,* 386 Mich 610, 615; 194 NW2d 326 (1972). This Court finds no evidence in this record that a skilled maintenance supervisor is often required to perform the more physical aspects of the work of the employees under his supervision. Plaintiff was a maintenance supervisor at Brunswick and at Fedders; at neither place was he required to perform such physical labor. He was not a maintenance supervisor at East Shore, so evidence pertaining to his duties there is not pertinent to this issue. Therefore, the board's finding of fact is erroneous.

This Court cannot deal with the evidence presented and decide whether the plaintiff's specific loss claim is justified. Our review here is limited to questions of law and we may not make our own factual findings. Hence, it is necessary to remand this case to the board so that it may make a finding of fact as to whether plaintiff suffered a loss of wage-earning capacity in his field of skill, taking into consideration the fact that there is no evidence to support a finding that a maintenance supervisor is required to be able to perform the physical labor of the skilled workers under his supervision.

The defendant's argument that the board applied an "impairment of physical ability" test in determining plaintiff's disability is unsupported by the record. The board specifically relied in its opinion on the standards which defendant cites in his brief as correct.

Defendant next argues that the board erred in finding that plaintiff's post-injury job at Brunswick was favored work. We find that the board's decision in this regard was supported by evidence and therefore was conclusive pursuant to the standard of review set forth in *Carter v Kelsey-Hayes Co, supra.* The plaintiff testified that his job at Brunswick required him to climb stairs 3 to 4 times a day. Plaintiff testified that he could no longer climb or spend much time on his feet after the accident and that he could only continue the Brunswick job in a somewhat limited capacity because he no longer could do all the things he had done prior to the injury. The fact that plaintiff, a long-time employee, was laid off 4 months after the accident, when maintenance supervisors with less seniority than plaintiff were not laid off, would also support a reasonable inference that

plaintiff's capacity to do his job had diminished since the accident and that he had been allowed to continue his job in a modified way as a form of favored employment by defendant Brunswick. This finding was not contradictory with the fact that plaintiff's subsequent duties at Fedders were very similar, because the testimony indicated that the work at Fedders was all on one floor and therefore did not involve the climbing that plaintiff was unable to do.

The board's findings with regard to favored work, although supported by evidence, did not indicate the testimony adopted, the legal standard applied, or the reasoning used in reaching its decision, as required in *Brown v Premier Manufacturing Co,* 77 Mich App 573, 578; 259 NW2d 143 (1977). On remand, the decision of the board should address these points.

Defendant finally argues that the board erred in reinstating plaintiff's benefits in full on April 21, 1975, the date at which medical testimony demonstrated that plaintiff was no longer suffering any residual effects of a stroke occurring on July 12, 1974. We conclude that the board erred in reinstating benefits on that date. If, after his accident at Brunswick, plaintiff had a disability in his field of skill and a resulting loss of wage-earning capacity, then only the amount of, and not the eligibility for, benefits was affected by plaintiff's wages from Fedders. See MCL 418.371(1); MSA 17.237(371)(1). Consequently, plaintiff was again entitled to the benefits once the wages from Fedders were no longer being earned, beginning July 12, 1974, in spite of the fact that plaintiff was also suffering from a noncompensable ailment at that time. *Medacco v Campbell, Wyant & Cannon Foundry Co,* 48 Mich App 217; 210 NW2d 360 (1973).

In accordance with the foregoing analysis, this case is remanded to the Worker's Compensation Appeal Board for proceedings consistent with this opinion.