THOMPSON v T N THOMPSON REALTORS, INC

Docket No. 47875. Submitted November 12, 1980, at Lansing.—Decided February 5, 1981. Leave to appeal applied for.

Turley N. Thompson was awarded workers' compensation benefits by a referee for an employment-related aggravation of a previous back injury. His employer, T. N. Thompson Realtors, Inc., a family corporation of which plaintiff is a principal stockholder, and Great American Insurance Company, its insurer, appealed the referee's decision to the Worker's Compensation Appeal Board which affirmed the decision. Defendants appeal by leave granted alleging that plaintiff failed to sustain his burden of proving that the aggravation of his back injury was different from or greater than his previous disability the compensation for which had been redeemed and that the Board erred in finding that plaintiff has no wage-earning capacity in the field of common labor. *Held:*

1. The evidence presented supports the Board's determination that plaintiff's aggravation of his previous back injury is separately compensable. The findings of the Board are conclusive, no fraud having been shown.

2. The evidence presented supports the Board's finding that, although plaintiff returned to a favored-work situation subsequent to his work-related injury, he had no wage-earning capacity in the field of common labor, favored-work performance being insufficient to establish such wage-earning capacity.

3. Defendants are entitled to offset plaintiff's actual wages earned or those he should have been paid notwithstanding the agreement between himself and Thompson, Inc. to allow the corporation to retain the wages due plaintiff. The Board gave insufficient weight to this right in making its determination, requiring a remand for further proceedings to recognize this right.

Affirmed in part and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 552.
[2] 82 Am Jur 2d, Workmen's Compensation § 348.
[3] 82 Am Jur 2d, Workmen's Compensation §§ 365, 366.

1. Wᴏʀᴋᴇʀs' Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ — Wᴏʀᴋᴇʀ's Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ Aᴘᴘᴇᴀʟ
   Bᴏᴀʀᴅ — Fɪɴᴅɪɴɢs ᴏғ Fᴀᴄᴛ — Cᴏᴜʀᴛ ᴏғ Aᴘᴘᴇᴀʟs — Sᴛᴀᴛᴜᴛᴇs.

   Findings of fact of the Worker's Compensation Appeal Board are
   conclusive upon the Court of Appeals in the absence of fraud
   where supported by any evidence (MCL 418.861; MSA
   17.237[861]).

2. Wᴏʀᴋᴇʀs' Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ — Fᴀᴠᴏʀᴇᴅ Wᴏʀᴋ — Wᴀɢᴇ-Eᴀʀɴɪɴɢ
   Cᴀᴘᴀᴄɪᴛʏ.

   Performance of favored work by an injured worker subsequent to
   a work-related injury does not establish a wage-earning capac-
   ity.

3. Wᴏʀᴋᴇʀs' Cᴏᴍᴘᴇɴsᴀᴛɪᴏɴ — Fᴀᴠᴏʀᴇᴅ Wᴏʀᴋ — Eᴍᴘʟᴏʏᴇʀ's Rɪɢʜᴛ
   ᴛᴏ Cʀᴇᴅɪᴛ.

   An employer who is bound to pay compensation to an injured
   worker pursuant to a decision of the Worker's Compensation
   Appeal Board has a right to a credit for any wages actually
   earned by the worker or those he should have been paid for the
   performance of favored work subsequent to the injury, notwith-
   standing an agreement between the employer and the worker
   allowing the employer to retain such wages.

*Robert L. O'Connell, P.C.* (by *John C. Brennan),*
for plaintiff.

*Davidson, Breen & Doud, P.C.,* for defendants.

Before: M. J. Kᴇʟʟʏ, P.J., and Aʟʟᴇɴ and C. L.
Hᴏʀɴ,* JJ.

Pᴇʀ Cᴜʀɪᴀᴍ. Defendants appeal from an order
of the Workers' Disability Compensation Appeal
Board, affirming a decision of the hearing referee,
awarding plaintiff benefits for an employment-re-
lated aggravation of a previous back injury and
consequent total disability from engaging in com-
mon labor.

Plaintiff, a principal shareholder in T. N.
Thompson Realtors, Inc., a family corporation, has

* Circuit judge, sitting on the Court of Appeals by assignment.

been engaged in the construction of modular homes and real estate sales for a number of years. In 1974, while carrying a steel girder in the course of constructing one of his modular dwellings, plaintiff slipped and injured his back, necessitating two surgical operations. Upon completion of the second operation in 1976, plaintiff remained disabled and was authorized to work only under significant restrictions regarding lifting and bending. In February of 1976, plaintiff redeemed his claim for workers' compensation benefits for the 1974 injury for $25,000 cash plus all benefits previously paid.

Plaintiff returned to his business, which had fallen into a sorry financial state. In violation of doctor's orders, he resumed heavy labor. In July of 1976, while operating a bulldozer, he drove over a log, and the resulting bump forced him back against the driver's seat, injuring his back again. A third surgical operation was required, after which plaintiff was medically prohibited from doing any work requiring repeated bending or any kind of lifting. On March 15, 1977, plaintiff returned to work and, since that time, has been doing what the appeal board found to be favored work.

The appeal board found that in July of 1976 plaintiff had aggravated his previous injury and thus had suffered a new injury and disability and that he was not barred from obtaining further workers' compensation benefits by virtue of the redemption agreement in which he had settled his claims for the 1974 injury. Defendants first argue that plaintiff failed to sustain his burden of proving that his present back disability is different from or greater than the disability which existed in February of 1976 when plaintiff chose to enter

into the redemption agreement. The board's findings were based on plaintiff's testimony which indicated that the characteristics of his disability after the 1976 injury differ from the disability caused by the 1974 injury and that since the 1976 injury plaintiff's ability to engage in the arduous tasks required in his business has diminished. In addition, psychiatric testimony indicated that plaintiff suffers from a disabling depression, resulting from the 1976 injury. In light of this evidence, we must uphold the board's determination that plaintiff's 1976 injury is separately compensable from his 1974 injury. The board's findings of fact are conclusive upon this Court, in the absence of fraud, if supported by any evidence. MCL 418.861; MSA 17.237(861), *Bush v Brunswick Corp,* 92 Mich App 686; 285 NW2d 420 (1979).

Defendants also argue that the board erred in finding that "plaintiff has no wage earning capacity in the field of common labor". This finding also turns on a factual question as to whether plaintiff's employment subsequent to March of 1977 is a favored-work situation, or whether it is one bearing the requisite indicia of permanency sufficient to establish a new wage-earning capacity. See, *Markey v SS Peter & Paul's Parish,* 281 Mich 292; 274 NW 797 (1937), *Pulley v Detroit Engineering & Machine Co,* 378 Mich 418; 145 NW2d 40 (1966), *Powell v Casco Nelmor Corp,* 406 Mich 332; 279 NW2d 769 (1979). The appeal board's finding that plaintiff returned to a favored-work situation comports with the evidence, including plaintiff's testimony that he would not hire a stranger in his condition to perform the tasks he has been performing since March, 1977, because of his work limitations. Our Supreme Court has held that performance of favored work after a work-related

injury does not establish a wage-earning capacity. *Powell, supra,* 348. While we might express our dissatisfaction with this position, we are bound to follow it. We therefore uphold the appeal board's determination that plaintiff has no wage-earning capacity.

However, we must also note that the appeal board seems to have given insufficient weight to defendants' right to credit for wages plaintiff actually earned or should have been paid for his labors since March, 1977. The board held:

"[P]laintiff sustained his burden of proving total disability in the field of common labor. The restrictions imposed upon plaintiff by the doctors certainly are indicative of such disability. Plaintiff has no wage earning capacity in the field of common labor. See *Grames v Borden, Inc,* 1979 WCABO 1159. Any money realized by his corporation after the date of his last earnings, August 19, 1976, was put back into the business to give creditors some bones on which to gnaw. At the very most, defendants would be entitled to offset any compensation payable against plaintiff's wages, if any, earned after the 1976 injury. See *Markey v SS Peter & Paul's Parish,* 281 Mich 292 (1937)."

Although the language of the board's opinion is not clear on this point, it appears only to authorize credit to defendants for those wages, if any, that plaintiff actually *receives* from the corporation in his favored work situation. Plaintiff testified that he had an agreement with the corporation that he would receive $300 per week for his services. However, due to the mounting of business debts during plaintiff's layoff, plaintiff actually has received no cash in hand for his efforts, with the money he would have earned being used by the corporation to pay off its creditors. Plaintiff candidly admitted that, if he had to hire someone to

peform the services that he performs for the corporation, he probably could not find anyone willing to accept the job for $300 per week and that, in his opinion, his services were worth at least what he had been earning before his injuries, $270 per week.

The fact that, with plaintiff's obvious consent, the corporation has retained the wages due him in order to keep creditors at bay does not change defendants' right to credit for what plaintiff's labors have earned him, whether or not he has chosen to demand payment thereof. The board's opinion allows plaintiff to utilize workers' compensation to pay off his corporate creditors. Although the value of plaintiff's services is a question of fact, plaintiff's own testimony establishes that his services are worth far more than the benefits payable and that, therefore, defendants should have had to pay him nothing for all the weeks he has been working since March 15, 1977.

Therefore, while we affirm that portion of the appeal board's opinion awarding plaintiff workers' disability compensation benefits, we remand for further proceedings, directing that defendants' right to offset be recognized in a manner consistent with this opinion.

Affirmed in part and remanded.