COLEMAN v GENERAL MOTORS CORPORATION

Docket No. 97446. Submitted January 5, 1988, at Lansing. Decided March 7, 1988.

James D. Coleman, an employee of the Saginaw Metal Casting Plants, Chevrolet Motor Division, General Motors Corporation, injured his back while in the course of his employment in 1959. Coleman's back continued to bother him and became progressively worse until his last day of work on February 5, 1980. He was sent home on that day after experiencing trouble breathing and feeling a heaviness in his chest. The next day he was admitted to the Saginaw Osteopathic Hospital, where he remained for six days. Lower back pain prevented Coleman from returning to work after he was released from the hospital. In August, 1980, Coleman spent two weeks in Saginaw General Hospital after complaining about breathing difficulties and chest pains. On February 18, 1981, Coleman filed an amended petition with the Bureau of Worker's Disability Compensation alleging personal injury and disablement from an occupational disease. He claimed disability due to his problems with his heart, back and lungs. A hearing referee determined that Coleman was not entitled to compensation for either his claim of back pain or heart damage. The Workers' Compensation Appeal Board reversed the referee's decision with respect to Coleman's back condition, but found that Coleman had failed to prove by a preponderance of the evidence that he had suffered a work-related heart attack. General Motors appealed by leave granted, and Coleman cross-appealed.

The Court of Appeals held:

1. The WCAB's finding that Coleman established that he was performing favored work on February 5, 1980, is supported by record evidence and therefore is affirmed.

2. The WCAB's finding that Coleman's date of injury was February 5, 1980, is supported by the record and is affirmed.

3. The WCAB did not err in finding that Coleman did not

REFERENCES

Am Jur 2d, Worker's Compensation §§ 240-245, 300, 365, 366, 552.
For annotations, see the Index to Annotations under Worker's Compensation; Heart and Heart Disease.

demonstrate by a preponderance of the evidence a heart-related disability.

Affirmed.

1. WORKERS' COMPENSATION — APPEAL BOARD — FINDINGS OF FACT.

Findings of fact made by the Workers' Compensation Appeal Board are conclusive and may not be set aside if supported by record evidence, absent a showing of fraud (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — FAVORED WORK — EARNING CAPACITY.

Wages from favored work may be used as a setoff against an employer's workers' compensation liability, but favored work wages do not establish an earning capacity; when such wages cease, they neither suspend nor bar compensation (MCL 418.361[1]; MSA 17.237[361][1]).

3. WORKERS' COMPENSATION — DATE OF INJURY — QUESTIONS OF FACT.

The date of injury in a workers' compensation case is a question of fact.

4. WORKERS' COMPENSATION — PERSONAL INJURY — WORKPLACE.

A workers' compensation claimant must demonstrate both a personal injury and a relationship between the injury and the workplace in order to be found eligible for benefits.

5. WORKERS' COMPENSATION — HEART DAMAGE.

A workers' compensation claimant seeking benefits for work-related heart damage must prove by a preponderance of the evidence that the heart damage is related to specific incidents or events at work, and the factfinder must identify and evaluate the discrete factors of employment which are connected to the heart damage; general conclusions of stress, anxiety, and exertion over a period of time do not satisfy the requirements.

*Davidson, Breen & Doud, P.C.,* (by *John F. Breen*), for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Bruce L. Dalrymple* and *Scott C. Strattard*), for defendant.

Before: CYNAR, P.J., and BEASLEY and K. B. GLASER,* JJ.

CYNAR, P.J. Defendant appeals by leave granted from the November 20, 1986, order and opinion of the Workers' Compensation Appeal Board. The WCAB reversed the referee's denial of benefits to plaintiff. The WCAB also found that plaintiff did not prove that he had suffered a work-related heart attack, but did find that plaintiff had established by a preponderance of the evidence a work-related back disability from an injury date of February 5, 1980. Plaintiff has filed a cross-appeal challenging the board's finding that he did not prove by a preponderance of the evidence entitlement to benefits based upon a work-related cardiac disability.

Plaintiff commenced working in August, 1955, for defendant at its foundry lifting fifty- to fifty-five-pound flasks and shaking the sand out of them. He injured his back on March 2, 1959, when he fell into a hole while holding a fifty-five-pound flask. After suffering this injury, plaintiff was transferred to a job which consisted of grinding castings. He also performed sweep-up tasks and was an inspector on the V-8 engine block line. His last job with defendant was that of a relief man in the core processing area. Plaintiff's back continued to bother him and it became progressively worse until his last day of work on February 5, 1980.

On his last day of work and after being exposed to natural gas in the plant, plaintiff began to have trouble breathing and felt a heaviness in his chest. He was sent home that day. The following day, plaintiff reported to the plant doctor who told him that his back condition could be treated with

* Circuit judge, sitting on the Court of Appeals by assignment.

electric massages and pills. However, plaintiff was advised to see his own doctor about the chest pains. Plaintiff began to feel worse and drove himself to the Saginaw Osteopathic Hospital. He spent six days in the hospital. Afterwards, plaintiff attempted to return to work, but was prevented from doing so because of lower back pain. In August, 1980, plaintiff was admitted for two weeks to Saginaw General Hospital complaining of breathing difficulties and chest pains.

Subsequently, on February 18, 1981, plaintiff filed an amended petition for hearing alleging personal injury and disablement from an occupational disease occurring about 1957, and February 5 and 6, 1980. Plaintiff claimed disability due to the problems with his heart, back and lungs.

Plaintiff's medical evidence consisted of deposition testimony from Drs. Aran S. Johnson and Donald L. Newman. Dr. Johnson diagnosed plaintiff as suffering from arteriosclerotic heart disease, labile arterial renal hypertension, progressive cerebral vascular disease, chronic obstructive lung disease, chronic sinusitis and bronchitis, and acute anxiety state. Dr. Johnson opined that strenuous repetitive work and exposure to high concentrations of atmospheric pollutants helped to aggravate a preexisting hypertensive arteriosclerotic heart condition by narrowing plaintiff's coronary arteries sufficiently to precipitate the heart attack suffered on February 5, 1980. Dr. Johnson concluded that plaintiff was totally and permanently physically and emotionally disabled.

On cross-examination, Dr. Johnson could not determine from the EKG tracings when the old myocardial infarction occurred. The doctor also indicated that there were several risk factors that contributed to the development of plaintiff's heart disease, such as: smoking, an elevated triglycerides

count, being somewhat overweight and a family pattern of cerebral vascular disease.

Dr. Newman diagnosed plaintiff as having arteriosclerotic vascular disease, with hypertension and coronary artery disease with angina at rest, AMA Functional Class IV with an eighty to ninety percent impairment, occupational pneumoconiosis, traumatic myofascitis of the dorsal lumbar spine musculature, and precipitation or aggravation of osteoarthritis of the dorsal lumbar spine. Dr. Newman opined that plaintiff's job exposure to fumes and heavy labor precipitated and aggravated a heart attack during February 4-7, 1980.

Plaintiff was also examined by Drs. John H. Bihl and David C. Mitchell at defendant's request. Dr. Bihl diagnosed plaintiff as suffering from hypertensive cardiovascular disease with coronary insufficiency and angina pectoris, chronic peptic ulcer disease and angioneurotic urticaria and hyperventilation syndrome. However, Dr. Bihl concluded that plaintiff was not disabled in that he is capable of performing light work. Similarly, Dr. Mitchell could not find any orthopedic reasons indicating that plaintiff was impaired from continuing to work.

Following the presentation of evidence, on January 20, 1982, the hearing referee found that plaintiff was not entitled to compensation for either his claim of back pain or heart damage. On November 20, 1986, the board reversed the referee's denial of benefits to plaintiff with respect to his back condition. In addition, the board found that plaintiff had failed to prove by a preponderance of the evidence that he had suffered a work-related heart attack. From this decision, defendant appeals by leave granted and plaintiff cross-appeals.

We will initially address defendant's issues on appeal. First, defendant alleges that plaintiff has

failed to prove that his performance of favored work for twenty-one years following his 1959 back injury did not establish a new wage-earning capacity. We disagree.

Our review of a decision by the WCAB is limited. Findings of fact made by the board are conclusive and may not be set aside if supported by record evidence, absent a showing of fraud. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861); *Flynn v General Motors Corp,* 162 Mich App 511, 514; 413 NW2d 444 (1987). However, the WCAB's decision may be reversed if it operated within the wrong legal framework or where its decision is based upon erroneous legal reasoning. *Id.*

Defendant challenges the board's finding that on the date of his injury, February 5, 1980, plaintiff was performing favored work. In *Bower v Whitehall Leather Co,* 412 Mich 172, 182; 312 NW2d 640 (1981), our Supreme Court discussed the nature of the favored-work doctrine:

> The favored-work doctrine is a purely judicial creation. Favored, or light, work can be loosely defined as less strenuous post-injury work. Wages from favored work may be used as a setoff against an employer's compensation liability, MCL 418.361(1); MSA 17.237(361)(1), but favored-work wages do not establish an earning capacity, and when such wages cease, they neither suspend nor bar compensation. *Powell v Casco Nelmor Corp,* 406 Mich 332; 279 NW2d 769 (1979).
>
> The primary purpose of the doctrine is that of mitigation. It allows an employer to reduce or completely eliminate compensation payments by providing work within the injured employee's physical capacity. At the same time, it encourages the employee to return to productive employment rather than to remain idle, thus also serving a rehabilitative function. *Pulley v Detroit Engineering & Machine Co,* 378 Mich 418; 145 NW2d 40 (1966).

In this case, the WCAB's finding that plaintiff established that he was performing favored work on February 5, 1980, is supported by record evidence. Since plaintiff's 1959 back injury, he was unable to return to his original job in the shakeout department. He was placed on a lifting restriction of fifteen pounds and was prohibited from engaging in any work which involved bending. In fact, he was offered several different jobs in an attempt to accommodate his back problem.

Defendant is attempting to limit the broad holding in *Powell, supra,* p 339, where the Court held that the receipt of wages for favored work does not establish a wage-earning capacity. At least one panel of this Court has expressed dissatisfaction with the *Powell* holding. See *Thompson v T N Thompson Realtors, Inc,* 103 Mich App 587, 591; 303 NW2d 41 (1981), lv den 412 Mich 877 (1981). However, we are bound to follow the *Powell* holding until our Supreme Court decides to adopt a different position regarding favored work and the establishment of a wage-earning capacity. Thus, the WCAB's determination on this issue is affirmed.

We also affirm the WCAB's finding that plaintiff's date of injury was February 5, 1980. MCL 418.301(1); MSA 17.237(301)(1) provides in relevant part:

> Time of injury or date of injury as used in this act in the case of a disease or in the case of an injury not attributable to a single event shall be the last day of work in the employment in which the employee was last subjected to the conditions that resulted in the employee's disability or death.

The date of injury is a question of fact, *Osantowski v Pigeon Mfg Co,* 131 Mich App 728, 735; 346 NW2d 867 (1984), lv den 419 Mich 893 (1984), and findings of fact by the WCAB are conclusive and

may not be set aside if there is record evidence to support them. *Flynn, supra.* In this case, our careful review of the record convinces us that the WCAB's finding that February 5, 1980, was plaintiff's injury date is supported by the record.

Finally, in his cross-appeal, plaintiff alleges that the WCAB erred by finding that he did not demonstrate by a preponderance of the evidence a heart-related disability. Plaintiff argues that the evidence he presented conclusively established that he suffered heart damage and that such damage was linked to his employment. We disagree.

In all successful workers' compensation cases, the claimant must demonstrate both a personal injury and a relationship between the injury and the workplace. *Miklik v Michigan Special Machine Co,* 415 Mich 364, 367; 329 NW2d 713 (1982); *McVey v General Motors Corp,* 160 Mich App 640, 644; 408 NW2d 408 (1987). In heart cases, the first question, which is in issue here, is whether there is heart damage.[1] The second question is whether the heart damage can be linked by sufficient proof to the employment. *Miklik, supra,* p 367. The heart damage must be related to specific incidents or events at work. The factfinder must identify and evaluate the discrete factors of employment which are connected to the damage. General conclusions of stress, anxiety, and exertion over a period of time do not satisfy the requirement. *Miklik, supra,* p 370.

In this case, we agree with the WCAB that plain-

[1] In *Kostamo v Marquette Iron Mining Co,* 405 Mich 105; 274 NW2d 411 (1979), the Supreme Court held that arteriosclerosis is an "ordinary disease of life" and thus was not compensable under MCL 418.401(c); MSA 17.237(401)(c). However, the Court also held that a worker who suffers work-related heart damage may receive workers' compensation benefits for heart damage caused or aggravated by his employment even if the worker had arteriosclerosis, a disease which makes a person more susceptible to heart damage.

tiff failed to prove by a preponderance of the evidence the first test of *Miklik, supra.* Plaintiff was admitted to the Saginaw Osteopathic Hospital on February 6, 1980, complaining of chest pains. Laboratory work revealed no significant enzyme evaluation. Routine lab work was unremarkable and the initial EKG was normal. Plaintiff was discharged on February 12, 1980, with a diagnosis of ischemic heart disease, chest wall pain and vasomotor rhinitis. Plaintiff's evidence does not establish that he suffered a myocardial infarction with heart damage during the period of February 4-7, 1980. Although plaintiff suffers from arteriosclerotic heart disease, this disease is an ordinary disease of life that is not compensable. *Kostamo v Marquette Iron Mining Co,* 405 Mich 105; 274 NW2d 411 (1979). Thus, the decision of the WCAB is affirmed.

Affirmed.