LULGJURAJ v CHRYSLER CORPORATION

Docket Nos. 117738, 117747. Submitted April 3, 1990, at Lansing. Decided September 17, 1990.

Plaintiff, Marash Lulgjuraj, was injured and began receiving sickness and accident and extended disability benefits through defendant Chrysler Corporation's group insurer, defendant Aetna Casualty & Surety Company. The Workers' Compensation Appeal Board thereafter awarded plaintiff workers' compensation benefits. Chrysler paid plaintiff past due benefits, weekly compensation and supplemental benefits, plus five percent interest on the weekly compensation. Plaintiff refused, however, to reimburse Aetna is accordance with alleged assignment agreements. Plaintiff petitioned for a determination of rights, contending he was entitled to twelve percent interest plus interest on the supplemental benefits. He also claimed that Aetna was not entitled to reimbursement and that, should Aetna receive reimbursement, plaintiff's attorney must be paid an attorney fee out of it. Aetna intervened seeking reimbursement and opposing payment of an attorney fee. The WCAB held that the assignment relating to disability benefits was enforceable, that the alleged assignment of sickness and accident benefits was not, that plaintiff be awarded interest on the supplemental benefits, and that plaintiff be awarded attorney fees out of the reimbursement he must make to Aetna under the disability benefits assignment. Defendants appealed by leave granted.

The Court of Appeals *held:*

1. An employer must pay interest on unpaid weekly compensation, however, weekly compensation benefits do not include supplemental benefits. Plaintiff is not entitled to interest on his supplemental benefits.

2. The board's finding of fact that defendants had not proven the existence of a valid assignment of sickness and accident benefits is supported by the record and, thus, is conclusive.

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 50, 646, 647.

See the Index to Annotations under Interest on Money; Workers' Compensation.

However the board erred in refusing to apply equitable principles. The WCAB erred in refusing to recognize Aetna's right to reimbursement of sickness and accident benefits, irrespective of the validity of plaintiff's signature on the assignment forms.

3. The board properly awarded plaintiff's attorney a fee out of the reimbursement due Aetna.

Affirmed in part and reversed in part.

1. WORKERS' COMPENSATION — INTEREST — WEEKLY COMPENSATION — SUPPLEMENTAL BENEFITS.

The Workers' Disability Compensation Act provides that an employer must pay interest on unpaid weekly compensation; weekly compensation benefits do not include supplemental benefits, as they are an obligation of the state, not the employer; an employer is not liable for interest on supplemental benefits (MCL 418.352[1], 418.355, 418.391[7], 418.801[6]; MSA 17.237[352][1], 17.237[355], 17.237[391][7], 17.237[801][6]).

2. WORKERS' COMPENSATION — EQUITY — APPEAL BOARD.

The Workers' Compensation Appeal Board has no equitable jurisdiction; however, it may apply equitable principles in appropriate instances to further the purposes of the Workers' Disability Compensation Act.

3. WORKERS' COMPENSATION — COURTS — CONCURRENT JURISDICTION — EXCLUSIVE JURISDICTION.

A circuit court may have concurrent jurisdiction over certain workers' compensation issues, particularly those involving determination of rights arising out of an entirely different relationship than that of employer-employee; however, where the employer-employee relationship is substantially involved, the jurisdiction of the Bureau of Workers' Disability Compensation is exclusive.

4. WORKERS' COMPENSATION — ATTORNEY FEES — GROUP INSURERS — REIMBURSEMENTS.

A plaintiff's attorney normally is entitled to a fee in conjunction with any reimbursement paid to a group insurer pursuant to an assignment; the attorney fee is not forfeited if the plaintiff contests the assignment (MCL 418.821[2]; MSA 17.237[821][2]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *Rosemary E. Jabbour*), for plaintiff.

*Lacey & Jones* (by *Stephen Jay Schwartz*), for defendants.

Before: WAHLS, P.J., and MARILYN KELLY and
G. S. ALLEN,* JJ.

PER CURIAM. Defendants appeal by leave
granted from an April 24, 1989, opinion and order
of the Workers' Compensation Appeal Board. We
affirm in part and reverse in part.

Plaintiff was injured in 1975 and began receiv-
ing sickness and accident and extended disability
benefits through defendant Chrysler Corporation's
group insurer, defendant Aetna Casualty & Surety
Company. In 1981, the WCAB awarded plaintiff
workers' compensation benefits. Chrysler paid
plaintiff past due benefits, weekly compensation
and supplemental benefits under MCL 418.352;
MSA 17.237(352), plus five percent interest on the
weekly compensation. Plaintiff refused, however,
to reimburse Aetna in accordance with alleged
assignment agreements.

In 1982, plaintiff petitioned for a determination
of rights. He contended that he was entitled to
twelve percent interest, not five percent, plus in-
terest on the § 352 supplemental benefits. He also
claimed that Aetna was not entitled to reimburse-
ment and that, should Aetna receive reimburse-
ment, plaintiff's attorney must be paid an attorney
fee out of it. Aetna intervened seeking reimburse-
ment, opposing payment of an attorney fee.

At a hearing before the referee, plaintiff denied
signing an application for sickness and accident
benefits on a form containing an assignment in
favor of Aetna. He admitted signing the applica-
tion and assignment covering extended disability
benefits. He also admitted receiving sickness and
accident as well as disability benefits.

The WCAB held that the assignment relating to

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

disability benefits was enforceable. However, as plaintiff denied signing the sickness and accident application and as defendants provided no contrary evidence, the alleged assignment was not enforced. The board declined to apply equitable principles. It agreed to award plaintiff interest on § 352 supplemental benefits. Lastly, it awarded plaintiff attorney fees out of the reimbursement he must make to Aetna under the disability assignment. MCL 418.821(2); MSA 17.237(821)(2).

On appeal, defendants argue the WCAB erred in refusing to enforce the sickness and accident assignment and in awarding plaintiff's attorney a fee out of the extended disability reimbursement. Chrysler also claims the board erred in awarding interest on the accrued supplemental benefits.

Section 352 of the Workers' Disability Compensation Act (WDCA) provides a supplemental benefit designed to keep disability benefits in pace with inflation. Weekly compensation benefits are increased by a maximum of five percent of the adjusted average weekly wage increase differential, compounded for each calendar year in the adjustment period. MCL 418.352(1); MSA 17.237(352)(1), MCL 418.355; MSA 17.237(355). The supplemental payment is not an obligation of the employer or the insurance carrier, nor of the Second Injury Fund or the Self-Insurers' Security Fund. These groups are the disbursement agents. They are reimbursed either through a single business tax credit or by a refund from the Compensation Supplement Fund created by MCL 418.391; MSA 17.237(391). Each of these forms of reimbursement represents monies from the state treasury. MCL 418.352, subds (8), (10) and (11); MSA 17.237(352), subds (8), (10) and (11).

Claims for reimbursement from the Compensation Supplement Fund must be made within three

months after the right to reimbursement first accrues. Payments from the fund are made every quarter without interest. MCL 418.391(7); MSA 17.237(391)(7). Thus, because the supplement represents funds from the state treasury, directly or indirectly, the Legislature has elected not to provide for the payment of interest when the fund makes reimbursement.

The interest which is imposed upon past due workers' compensation benefits is not a penalty; it is designed to pay the employee for lost use of the funds to which he was entitled and from which the employer benefitted while the claim was pending. *McCaslin v General Motors Corp,* 133 Mich App 782, 787-788; 349 NW2d 544 (1984), lv den 419 Mich 945 (1984).

Chrysler argues that awarding interest on supplemental benefits would amount to imposing a penalty on the employer. The state treasury, not the employer, benefits from use of the money while the claim is pending. However, if the employer is obligated to pay interest on the supplemental benefits, it cannot by law recover that interest from the treasury.

Plaintiff claims that if the employer is not liable for interest on the supplemental benefits, it could arbitrarily refuse to pay the benefit without the fear of having to pay interest. However, there is no incentive for the employer to refuse to pay supplemental benefits, since they are reimbursed by the state.

Under the statute, the employer must pay interest on unpaid "weekly compensation." MCL 418.801(6); MSA 17.237(801)(6). The employee is not entitled to interest on medical benefits, which is something other than weekly compensation. *Brown v Eller Outdoor Advertising Co,* 139 Mich App 7, 14; 360 NW2d 322 (1984), lv den 424 Mich

902 (1986). The Supreme Court has held that the phrase "weekly compensation" as used in § 352(1) of the WDCA refers only to the amount of the employer's obligation. *Kincaid v Detroit Mutual Ins Co,* 431 Mich 426, 441-442; 429 NW2d 595 (1988). It does not include the differential benefit payable weekly by the Second Injury Fund for total and permanent disability. *Kincaid, supra,* MCL 418.521(2); MSA 17.237(521)(2). Differential benefits have a reimbursement procedure quite similar to the procedure for § 352 supplemental benefits.

Thus, extending the Supreme Court's definition of weekly compensation to § 801, weekly compensation benefits do not include supplemental benefits, as they are an obligation of the state, not the employer. See also *Maglothin v Tryco Steel Corp,* 137 Mich App 640, 646; 357 NW2d 914 (1984). Further, the theory that an interest award in a workers' compensation case is based on a contract of employment does not justify the imposition of interest on supplemental benefits. The supplement is an obligation of the state. No contract of employment exists between the employee and the state. *Brown,* 14-15. Plaintiff is not entitled to interest on his § 352 supplemental benefits.

Next, defendants claim the board erred in refusing to enforce the assignment in exchange for payment of sickness and accident benefits. The board decided that defendants had not proven the existence of a valid assignment. This finding of fact is supported by the record and, thus, is conclusive. *Coleman v General Motors Corp,* 166 Mich App 784, 789; 421 NW2d 295 (1988). However the board erred in refusing to apply equitable principles.

While the WCAB has no equitable jurisdiction, it is well established that it may apply equitable

principles in appropriate instances to further the purposes of the act. *Solo v Chrysler Corp (On Rehearing),* 408 Mich 345; 292 NW2d 438 (1980); *Fuchs v General Motors Corp,* 118 Mich App 547; 325 NW2d 489 (1982).

A circuit court may have concurrent jurisdiction over certain issues, particularly those involving determination of rights arising out of an entirely different relationship than that of employer-employee. *Modeen v Consumers Power Co,* 384 Mich 354, 360-361; 184 NW2d 197 (1971); *Bonney v Citizens' Mutual Automobile Ins Co,* 333 Mich 435, 440; 53 NW2d 321 (1952). However, where the employer-employee relationship is substantially involved, the jurisdiction of the bureau is exclusive. *Michigan Property & Casualty Guaranty Ass'n v Checker Cab Co,* 138 Mich App 180, 183; 360 NW2d 168 (1984).

In this case, the relationship of employer-employee is at the heart of Aetna's right of reimbursement. Aetna provided sickness and accident benefits on behalf of the employer, which was later held to be obligated to pay workers' compensation benefits instead. Regardless of whether plaintiff filled out the application for sickness and accident benefits and signed the form containing the assignment clause, he received the benefits. Since those benfits had already been paid to him by Aetna, the double payment, in equity and good conscience, belongs to Aetna. He is obligated, in an action for money received, to repay that money even absent an express promise or privity between the parties. *Hoyt v Paw Paw Grape Juice Co,* 158 Mich 619; 123 NW 529 (1909); *Beardslee v Horton,* 3 Mich 560 (1855). An action for money received is one of assumpsit. It is, in many cases, a substitute for a bill in equity and is governed by equitable principles. *Atkinson v Scott,* 36 Mich 18 (1877).

Since the remedy sought by Aetna, repayment, is measured in money and is not a form of equitable relief, the controversy is properly resolved by the appeal board. To compel Aetna to seek a judicial rather than an administrative remedy would multiply litigation to no purpose. The appeal board is perfectly competent to address issues of workers' compensation reimbursement and obligation, without parceling out portions of them to the circuit and district courts. Accordingly, the appeal board erred in refusing to recognize Aetna's right to reimbursement of sickness and accident benefits, irrespective of the validity of plaintiff's signature on the assignment form.[1]

Lastly, we conclude that the board properly awarded plaintiff's attorney a fee out of the reimbursement due Aetna. Normally the plaintiff's attorney is entitled to a fee in conjunction with any reimbursement paid to a group insurer pursuant to an assignment. MCL 418.821(2); MSA 17.237(821)(2). However defendants argue that a fee is not justified, because plaintiff resisted enforcement of the assignments and defendants have been forced to retain counsel to obtain reimbursement.

Section 821(2) does not contain a clause stating that the attorney fee is forfeited if plaintiff contests the assignment. It provides that the insurer shall pay a portion of the fees of the attorney who secured the workers' compensation recovery. We interpret this to mean fees incurred in obtaining the workers' compensation award, not fees in-

---

[1] We note that, where an employee receives benefits "caused to be paid" by the employer, the employer is entitled to credit for these benefits when fixing workers' compensation. A reimbursement agreement is not necessary. MCL 418.811; MSA 17.237(811); *Russell v General Motors Corp*, 172 Mich App 627, 633; 432 NW2d 738 (1988), lv den 433 Mich 872 (1989). In this case, it is unclear from the record whether these were employer-provided sickness and accident benefits.

curred in contesting reimbursement. Moreover, in the interest of equity, Aetna is also obligated to pay a portion of the attorney fees out of its reimbursement for sickness and accident benefits.

Affirmed in part; reversed in part.