# STATE OF MICHIGAN

# COURT OF APPEALS

JASON ALLEN,

        Plaintiff-Appellee,

v

CHARLEVOIX ABSTRACT & ENGINEERING
COMPANY and ACCIDENT FUND
INSURANCE COMPANY OF AMERICA,

        Defendants-Appellants.

FOR PUBLICATION
January 3, 2019
9:00 a.m.

No. 339162
MCAC
LC No. 14-000047

Before: SWARTZLE, P.J., and SAWYER and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J.

In this worker's compensation matter, defendants appeal by leave granted the decision of the Michigan Compensation Appellate Commission (MCAC) that, in relevant part, declined to reform a "voluntary payment agreement" (VPA) between the parties. There is no dispute that the VPA constitutes a contract or that it contains a mathematical error. The MCAC found that it lacked the equitable authority to reform the parties' contract. We hold that the MCAC's determination was correct, but we choose to exercise our own equitable authority to reform the VPA. We therefore affirm, but we order the parties' VPA reformed and the matter remanded to the MCAC for entry of the corrected VPA.

## I. FACTUAL BACKGROUND

On June 4, 2007, plaintiff was injured in a work-related automobile accident. Plaintiff was then employed by defendant Charlevoix Abstract & Engineering Company (Charlevoix). Defendant Accident Fund Insurance Company of America (Accident Fund) was Charlevoix's worker's compensation insurance carrier. Non-party Harleysville Insurance Company (Harleysville) was Charlevoix's automobile insurance carrier.

Initially, Accident Fund voluntarily paid benefits to plaintiff, but it eventually ceased payments, whereupon plaintiff commenced a worker's disability compensation claim. Accident Fund promptly reinstated payment of plaintiff's weekly benefits. Shortly thereafter, plaintiff received a $450,000.00 judgment in a civil action against the driver of the other vehicle involved in the accident. Plaintiff only received $100,000.00 from the other driver, reflecting the limits of the other driver's insurance policy. Consequently, plaintiff collected the remaining $350,000.00

from Harleysville. Eventually, Accident Fund again discontinued plaintiff's disability payments, and plaintiff sought to reinstate those benefits.

The parties entered into negotiations, and they ultimately agreed that Accident Fund could set off $100,000.00 from plaintiff's future benefits pursuant to MCL 418.827. However, the parties were unable to agree whether Charlevoix or Accident Fund could set off the $350,000.00 recovery. Plaintiff and Accident Fund entered into the VPA on April 3, 2012. Under the VPA, Accident Fund would pay plaintiff $494.50 a week, but that amount would be "reduced to $264.53 for 54.23 weeks beginning 3/29/12 based on Franges of $100,000.00 third-party settlement." The parties also agreed to litigate the consequences of the $350,000.00 recovery. The word "Franges" in the VPA is a reference to *Franges v Gen Motors Corp*, 404 Mich 590; 274 NW2d 392 (1979). *Franges* set forth how to apportion credit to a worker's compensation insurer when an employee receiving benefits also receives a money judgment against a third-party tortfeasor.

However, Accident Fund then discovered that the VPA contained a mathematical error. Briefly, Accident Fund argued that the VPA's "*Franges* worksheet" had made improper use of the benefits it had thus far paid to plaintiff. As a consequence, the remaining calculations derived from that amount were also wrong, culminating in an impossible result of *negative* 54.2328 weeks before full resumption of weekly worker's compensation benefits. Accident Fund provided a corrected *Franges* worksheet, which showed that plaintiff's temporary reduction of benefits should have been for 131.7464 weeks, instead of 54.23 weeks. Defendants filed a motion to modify or correct the VPA.

The magistrate resolved the matter of the $350,000.00 recovery, which is not at issue in this appeal. The magistrate also determined that the VPA did in fact contain a mathematical error, but that it lacked equitable jurisdiction and therefore could not modify the parties' agreement. However, the magistrate also stated that it would modify the agreement if it had the power to do so, and that "the correct *Franges* numbers to be applied … would be a future weekly rate of $264.53 for 131.7464 weeks into the future before resumption of full weekly benefits." On appeal to the MCAC, the Commission affirmed the magistrate's holding that the MCAC lacked equitable power or authority to modify the VPA. It declined to address the magistrate's "dicta" detailing how it would have modified the VPA given the power to do so. Nevertheless, the MCAC did observe that the facts in the matter were essentially undisputed.

We likewise observe that nothing in plaintiff's brief submitted to this Court appears to challenge the magistrate's finding that the VPA contained a mathematical error and acceptance of Accident Fund's calculations as correct. To the contrary, in his brief submitted to the MCAC, plaintiff affirmatively conceded that "if the MCAC reverses the magistrate's ruling on the jurisdictional issue," the correct calculation would be a reduction of weekly benefits to $264.53 for 131.7464 weeks. We therefore treat as an established and undisputed fact that the VPA did contain a mathematical error, and Accident Fund's recomputation is objectively correct.

## II. STANDARD OF REVIEW

In the context of a MCAC appeal, inquiries "into the nature, scope, and elements of a remedy," including an equitable remedy, are questions of law reviewed de novo, as are questions

regarding the proper construction of the WDCA. *Auto-Owners Ins Co v Amoco Prod Co*, 468 Mich 53, 57; 658 NW2d 460 (2003). We primarily review the MCAC's decision, not the magistrate's decision. *Omian v Chrysler Group LLC*, 309 Mich App 297, 306; 869 NW2d 625 (2015). "[A] decision of the [M]CAC is subject to reversal if it is based on erroneous legal reasoning or the wrong legal framework." *DiBenedetto v West Shore Hosp*, 461 Mich 394, 401-402; 605 NW2d 300 (2000). Because defendants specifically asked the MCAC to review the issues raised on appeal, those issues are properly preserved. See *Auto-Owners*, 468 Mich at 65-66.

### III. EQUITABLE POWERS OF THE MCAC

The primary issue presented on appeal is whether the MCAC correctly determined that it lacked the equitable power necessary to modify the VPA. A contract is legally enforceable even if procured by fraud or mistake, and thus "plenary relief traditionally rests exclusively in equity." *Solo v Chrysler Corp (On Rehearing)*, 408 Mich 345, 352; 292 NW2d 438 (1980). We conclude that the MCAC correctly determined that it lacked equitable jurisdiction and therefore lacked the power to modify the VPA.

"Long ago, we recognized that the right to have equity controversies dealt with by equitable methods is as sacred as the right of trial by jury." *Madugula v Taub*, 496 Mich 685, 705; 853 NW2d 75 (2014) (quotation marks, citation, and brackets omitted.) "That is, '[t]he cognizance of equitable questions belongs to the judiciary as a part of the judicial power, and under our Constitution must remain vested where it always has been vested heretofore.'" *Id*., quoting *Brown v Buck*, 75 Mich 274, 285; 42 NW 827 (1889). Thus, administrative agencies possesses the jurisdiction to address any questions within their remit, but "it must be borne in mind that it is an administrative tribunal only and not a court possessing general equitable and legal powers." *Mich Mut Liability Co v Baker*, 295 Mich 237, 242; 294 NW 168 (1940) (quotation marks and citation omitted). "In the absence of an express legislative conferral of authority, an administrative agency generally lacks the powers of a court of equity." *Delke v Scheuren*, 185 Mich App 326, 332; 460 NW2d 324 (1990).

This Court has specifically observed that the MCAC's predecessor, the former Bureau of Workmen's Compensation, "lack[ed] the requisite jurisdiction of a court of equity to undertake the task of reformation of [an] insurance policy." *Auto-Owners Ins Co v Elchuk*, 103 Mich App 542, 546; 303 NW2d 35 (1981), relying on *Baker* and its progeny. *Elchuk* was also consistent with *Scott v Grow*, 301 Mich 226; 3 NW2d 254 (1942), in which our Supreme Court observed that "jurisdiction to reform written agreements" "is exclusively vested in courts of equity" and not in courts of law. *Scott*, 301 Mich at 238-239, quoting *Bush v Merriman*, 87 Mich 260, 268; 49 NW 567 (1891). "Equity has exclusive jurisdiction to rescind an agreement on the ground of mutual mistake." *Solo*, 408 Mich at 353. Consequently, it is well established that the relief sought in this matter, modification of a contract, is strictly equitable in nature, and the MCAC has no equitable jurisdiction.

Nevertheless, some confusion may have resulted from this Court's observation that "[w]hile the [MCAC] has no equitable *jurisdiction*, it is well established that it may apply equitable *principles* in appropriate instances to further the purposes of the act." *Lulgjuraj v Chrysler Corp*, 185 Mich App 539, 544-545; 463 NW2d 152 (1990) (emphasis added). To the

extent *Lulgjuraj* can be understood to suggest that the MCAC may exercise equitable powers, such as the power to reform a contract, *Lulgjuraj* unambiguously conflicts with well-established and thoroughly settled case law from our Supreme Court to the contrary. Our Supreme Court has explained that equitable jurisdiction is not precisely the same as equitable relief, and parties sometimes conflate "equity jurisdiction with equity jurisprudence." *Solo*, 408 Mich at 353. Nevertheless, "[e]quity has exclusive jurisdiction to rescind an agreement on the ground of mutual mistake." *Id*. Because *Lulgjuraj* was decided prior to November 1, 1990, it is not strictly binding pursuant to MCR 7.215(J)(1), and even if it were, we would be required to ignore it in favor of any conflicting Supreme Court precedent. See *Paige v City of Sterling Hts*, 476 Mich 495, 524; 720 NW2d 219 (2006).

In summary, the MCAC correctly determined that it lacks equitable jurisdiction, and therefore lacked the power to reform or modify the VPA.

## IV. THIS COURT'S POWER TO MODIFY THE VPA

Defendants argue in the alternative that we may exercise our own equitable powers to reform the VPA, and urge us to do so. We agree that we have the power to grant the requested relief, and because both the existence and nature of the mistake is undisputed, we exercise our jurisdiction to do so.

We unambiguously have the power to grant the requested relief. Our Supreme Court "has repeatedly invoked its equitable powers to relieve a claimant from a settlement procured by fraud," and found no reason why it should not do the same in the case of a contract founded on a mutual mistake of fact. *Solo*, 408 Mich at 352-353. We have the discretionary power to "enter any judgment or order or grant further or different relief as the case may require" in the interest of justice. MCR 7.216(A)(7). Furthermore, "the policy against double recovery by the employee" is "repugnant to the very principles of workers' compensation." *Maner v Ford Motor Co*, 196 Mich App 470, 479; 493 NW2d 909 (1992) (quotation marks and citation omitted), aff'd and fully adopted by the Supreme Court 442 Mich 620 (1993). Because there is no dispute that the VPA contains a mistake, and there is no dispute about the correct calculation, we order that the parties' VPA be reformed to reflect the correct calculation.

## V. CONCLUSION AND RELIEF

We affirm the MCAC's conclusions that modifying the VPA is equitable in nature, and the MCAC lacks the equitable power to do so. We order the parties' VPA reformed to reflect the undisputed correct mathematical calculation, and we remand to the MCAC for entry of a corrected VPA. We do not retain jurisdiction. In light of the relief we hereby grant, we deem no party to have prevailed in full, and therefore direct that they shall bear their own costs of appeal. MCR 7.219(A).

/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle
/s/ David H. Sawyer

-4-